GEORGE W. PATTERSON v. CITY OF AUSTIN.

Decided January 20, 1897.

**1. Negligence—Cities—Streets—Frightening Horses.**

See opinion for case in which a finding by the trial court that a pile of stones placed in the street of a city, but outside the traveled way was not naturally calculated to frighten horses of ordinary gentleness was held contrary to the evidence.

**2. Same—Repairing Bridge—Materials in Street.**

The fact that it was the city's right and duty to repair a bridge and the stones were necessary and were placed there for that purpose will not relieve it from negligence, where such material could have been, and was after the accident, placed out of sight and in a reasonably convenient distance from the bridge.

**3. Same.**

The right to repair the bridge involved the right, if necessary, to place material therefor in the street; but if such material was naturally calculated to frighten horses of ordinary gentleness it became the duty of the city to place it where it could not be seen by such animals, or to temporarily close the street. But this principle, it seems, is not one to be given in charge to the jury as determining negligence as matter of law.

**4. Practice in the Court of Civil Appeals.**

The question of negligence in this case being one of fact for the jury or trial court, the Court of Civil Appeals, on reversing a finding for defendant as against the evidence, could not render judgment for the plaintiff for the damages found by the court below to have been suffered, but must reverse and remand (Railway v. Strycharski, 37 S. W. Rep., 415).

APPEAL from the District Court of Travis County. Tried below before Hon. F. G. MORRIS.

*Osceola Archer,* for appellant.—The conclusions of law should be based upon the facts proven in the case, and not upon any hypothetical state of facts; for if the facts proven in the case will not justify the conclusion, the same is erroneous, and should not stand.

The court erred in its fourth conclusion of law where it held, "that the city had the right to deposit such building material on the side of the traveled part of the street and in the untraveled portion thereof as was deemed proper to be used in such work, and to keep it there a reasonable length of time until it could be used in the work of improvement, and for so doing the city is not liable to a traveler whose horse may have taken fright at such material and injured him, whether such material was in its nature calculated to frighten horses or not. Willard v. Newberry, 22 Vt., 458; Rushville v. Adams, 107 Ind., 475; Morse v. Richmond, 41 Vt., 435; Young v. New Haven, 39 Conn., 435; Ayer v. Norwich, 39 Conn., 376; Chicago v. Hoy, 75 Ill., 530; Barnes v. Dist. of Columbia, 1 Otto, 540; Clinton v. Howard, 42 Conn., 294; Batty v. Duxbury, 24 Vt., 155; Robbins v. Chicago, 4 Wall., 670; Water Co. v. Ware, 16 Wall., 566.

The court erred in holding, as a matter of law, that it was not negligence in the city in permitting said pile of rock to remain in the street so long, when the evidence showed that the city had full knowledge that said pile of rock was frightening the most gentle horses that passed that street, every day, and endangering the lives of those who traveled that street. Wolfe v. Tel. Co., 33 Fed. Rep., 320; Young v. New Haven, 39 Conn., 435; Bloor v. Delafield, 69 Wis., 273; Clinton v. Howard, 42 Conn., 294; Savannah v. Donnelly, 71 Ga., 258.

The court erred in holding that it was not incumbent on the city to have side railings on the bridge over Little Shoal creek when said bridge was only 16 feet wide with a parapet wall only one foot high, on a street that was greatly traveled, when the bridge was some fifteen feet above the rocky bottom of the creek into which a traveler was liable to be thrown at any time. Harris, Dam. by Corp., secs. 80, 156, 147, 112; Houfe v. Fulton, 29 Wis., 296; Chicago v. Robbins, 2 Black (U. S.), 422; Hinckley v. Somerset, 145 Mass., 326; Weisenberg v. Appleton, 26 Wis., 56.

[No brief for appellee has reached the Reporter.]

*W. W. Moore* filed a motion for rehearing on behalf of appellee, in support of which he cited: Shelley v. City of Austin, 74 Texas, 608; Piollet v. Simmers, 106 Pa. St., 110; Cairncross v. Pewaukee, 10 Law. Rep. Ann., 473; Agnew v. Corunna, 55 Mich., 428.

The trial court, in his findings of law, cited and discussed: Railway v. Taylor, 8 Ont., 306; Shelley v. City of Austin, 74 Texas, 608; Railway v. Gasscamp, 69 Texas, 545; Piollet v. Simmers, 106 Pa. St., 110; Cairncross v. Pewaukee, 10 Law. Rep. Ann., 473; Agnew v. Corunna, 55 Mich., 428; Winship v. Enfield, 42 N. H., 197.

The motion for rehearing was overruled.

KEY, ASSOCIATE JUSTICE.— *Opinion.*—On the 13th day of June, 1892, appellant was traveling in a one-horse buggy along a public street in the city of Austin, when the horse took fright at a pile of stones, partially obscured by weeds, lying in the street, but outside of the improved and traveled portion thereof, and ran the buggy against a parapet wall of a bridge and threw appellant out of the buggy and into a creek, thereby causing him certain physical injuries; and he has sued the city to recover damages.

The case was tried before the court without a jury and judgment rendered for the city.

The plaintiff's petition charged the city with negligence—first, in the construction of and failure to repair the bridge; and second, in allowing the pile of stones to remain in the street.

The trial court filed conclusions of fact and law, holding (1) that the plaintiff was exercising due care and driving a gentle horse; (2) that the the city was not negligent concerning the bridge; (3) that if there was negligence in that respect, the plaintiff was guilty of contributory negligence in attempting to cross the bridge, knowing its defective condition; and (4) that the city was not guilty of negligence as to the pile of stones.

The correctness of these holdings is challenged by appellant; and, in view of the evidence in the record, it seems to us that the last finding is not only against the great preponderance of the testimony, but is contrary to about all the evidence bearing on that question.

Six witnesses testified to seeing other horses besides appellant's become frightened at the pile of stones, and two of them (Mrs. Shepard and Mr. Rumsey) said they saw a great many horses take fright at the stones, and Mrs. Shepard stated that she knew of no horse passing there that did not scare at them. Rumsey and Mrs. Shepard lived near the place where the accident happened and had ample opportunies for observing horses that passed the pile of stones.

·The stones had been placed in the street under the authority of the city for the purpose of enlarging and improving the bridge, and had been there ten days or two weeks. The city engineer and the city street commissioner had actual knowledge that the stones were there at the time of and before the accident. In fact, the testimony shows that the latter's horse frequently took fright at the stones. After the accident the street commissioner removed the stones by rolling them down the hill out of sight, and it seems they remained there until they were used in enlarging the bridge.

The defendant offered no evidence tending to contradict the testimony of the six witnesses for the plaintiff to the effect that quite a number of horses had taken fright at the pile of stones, and did not attempt to show that any horse that passed them had not become frightened at them.

The court below was of the opinion that the evidence would not justify a finding that the pile of stones was naturally calculated to

frighten horses of ordinary gentleness; and that, if calculated to have that effect, inasmuch as it was the city's right and duty to keep the bridge in proper repair, and as the stones were necessary for that purpose, it was not guilty of negligence in allowing them to remain where they were.

We are unable to concur in either of these views. The uncontroverted testimony of six disinterested witnesses concerning the effect the pile of stones had on other horses indicates with reasonable if not absolute certainty that they were naturally calculated to frighten horses of ordinary docility; and if they were calculated to have that effect, we do not believe that the mere fact that it was the duty of the city to repair the bridge would justify it in placing the stones where they were and allowing them to remain there the length of time disclosed by the testimony. We concede the proposition, that the right and duty of a municipal corporation to construct, maintain and repair streets and bridges involve the incidental right, if necessary, to place in the street proper material for the accomplishment of such purposes. But when such material is naturally calculated to frighten horses of ordinary gentleness, and thereby endanger the lives and limbs of the traveling public, it becomes the duty of the municipality either to so place the material as that it can not be seen by such animals, or to temporarily close the street so as to prevent its use by persons traveling in vehicles or on horseback, and a failure to discharge these duties would justify a finding of negligence.

Under the pleadings in this case the question of negligence in failing to close the street so as to prevent travel thereon is not involved, but the issue of negligence in permitting the stones to remain at a point in the street where they could be seen by passing horses is presented; and, as the testimony shows that that the stones, as located in the street, were naturally calculated to frighten ordinarily gentle horses, and that they could have been placed—as they were soon after the accident—out of sight and in reasonably convenient distance from the bridge, we think the court should have found, as a fact, that the defendant was guilty of negligence concerning the pile of stones.

On the question of the liability of municipal corporations in this class of cases, the authorities are not entirely harmonious. There is a line of decisions (Piollet v. Simmers, 106 Pa. St., 110; Agnew v. Corruna, 55 Mich., 428), which apparently sustains the views of the trial court; but we think the weight of authority supports the doctrine announced above. Elliott on Roads and Streets, 449, and cases cited; 1 Harris on Damages by Corporations, sec. 87, and cases cited; 9 Am. & Eng. Ency. Law, 386-387, and cases cited. See also Ironton v. Kelley, 38 Ohio St., 50; City of Logansport v. Dick, 70 Ind., 65; Town of Rushville v. Adams, 107 Ind., 475; Young v. City of New Haven, 39 Conn., 435; Willard v. Newberry, 22 Vt., 458.

Of course, what has just been said on this subject is for the purpose of explaining why we cannot sustain the trial court's finding of fact on

the question of negligence, and such utterances are not intended as announcing rules of law to be given in charge to a jury in this or any other case; because, as there is no constitutional or statutory provision of law declaring the failure by a municipal corporation to keep its streets free of obstructions calculated to frighten horses of ordinary docility to be negligence, it would not, under the doctrine prevailing in this State, be proper to instruct the jury that such facts would constitute negligence. Liability in such case would depend upon the existence of negligence, and whether or not such combination of facts would constitute negligence would be a question for the jury to decide.

We are not prepared to say that the court erred on the other branch of the case.

The court below found as a fact that the plaintiff was damaged by the fall from his buggy in the sum of $1200, and this court is asked to reverse and render judgment for him for that sum.

In Railway v. Strycharski, 37 S. W. Rep., 415, our Supreme Court held that "Courts of Civil Appeals, upon reversing judgments of the trial courts, can not enter final judgments unless upon the evidence as it appears in the record one party as a matter of law is entitled to judgment. The evidence must be of that conclusive nature that the trial court should have directed a verdict in favor of that party." And it is also declared in the opinion in that case that "The determination of questions of fact as the basis of a final judgment involves the exercise of original jurisdiction, which has not been conferred upon the Courts of Civil Appeals."

Now, the question of the city's negligence in permitting the pile of stones to remain in the street is a question of fact, which has not been found by the trial court, and which it would be necessary for us to find before we could render a judgment for the plaintiff; and, under the decision just cited, it seems that we have no authority to make such finding.

The judgment of the District Court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*