### SAN ANTONIO EDISON COMPANY v. HERMANN BEYER.

Decided June 13, 1900.

**1. Street Railway Company—Injury from Frightening Horse.**

Where a horse of ordinary gentleness becomes frightened at objects reasonably and naturally calculated to frighten horses, such as street cars negligently left standing on a bridge across a highway, and an injury results, the street car company will be liable for the damages occasioned, if there was no contributory negligence by the person injured.

**2. Same—Question for the Jury—Evidence.**

Whether the object is in its nature calculated to frighten horses of ordinary gentleness is a question for the jury to determine, and upon this issue it is admissible to show that other horses of the same character have become frightened at the same object.

**3. Same—Descriptive Matter—Pleading Not Required.**

Evidence by plaintiff that the cars which frightened his horse had curtains on them is not inadmissible because the petition did not allege that fact, since such evidence was simply descriptive of the cars.

APPEAL from Bexar. Tried below before the Hon. ROBERT B. GREEN.

*Denman, Franklin, Cobbs & McGown,* for appellant.

*H. C. Carter* and *Perry J. Lewis,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover damages for personal injuries alleged to have been sustained by reason of his horse being frightened at the cars of appellant, alleged to have been negligently left by it standing upon its track where it extended across a bridge over the San Antonio River, reaching from Garden to Navarro streets, in such a manner as was calculated to frighten horses making an exit from the end of the bridge upon which the cars were standing. It is averred in appellee's petition that defendant negligently had three of its cars placed in such a manner on said bridge as to partially obstruct exit therefrom, and prevent retreat after getting on the bridge opposite said cars, and that on April 20, 1897, while appellee was crossing the bridge in his wagon, which was drawn by a horse, his horse became frightened at the cars so negligently placed on the bridge by defendant, and became unmanageable, and by reason thereof kicked and stamped upon the appellee, and caused the wagon to run over him, thereby inflicting upon him permanent injuries.

The appellant answered by general denial, and specially that it was not negligence to place the cars upon said bridge; that its track was torn up beyond said bridge, rendering it impossible for it to reach the car sheds for the purpose of storing its cars. That under the ordinance of the city of San Antonio it was compelled to operate its cars north of the bridge, and that when its cars were not in use it left them standing upon the bridge as the most convenient place. It denied that the cars so left were calculated to frighten a gentle horse, and that appellee's horse was frightened thereby. It also alleged that plaintiff's injuries were the result of his own negligence in driving a vicious and wild horse, and after discovering that he was frightened and unmanageable, attempting to lead him into a place of danger which was open and apparent.

The facts were reasonably sufficient to show that appellant negligently left its cars standing upon the bridge extending from Garden to Navarro streets, on a public highway in the city of San Antonio, in a manner alleged by appellee in his petition, and that such cars, considering their character and situation upon such bridge, were reasonably calculated to frighten horses of ordinary gentleness. That appellee's horse was one of ordinary gentleness, and while being driven by appellee across said bridge became frightened at the cars of appellant so negligently placed thereon, and that by reason of his fright caused by said negligence of appellant, the appellee, while trying to control his horse, was knocked down, stamped upon, and run over by the horse and wagon, and thereby sustained personal injuries to his damage in the sum of $3450.

The appellee was guilty of no negligence proximately contributing to his injury.

*Opinion.*—Where a horse of ordinary gentleness becomes frightened at objects reasonably and naturally calculated to frighten horses, which one has negligently placed and permitted to remain in the highway, and an injury results, the one who has so negligently permitted such objects to remain in the highway will be liable for the damages occasioned by such injury, unless the party injured is guilty of contributory negligence.   City of Weatherford v. Lowrey, 47 S. W. Rep., 34; Elliott, Roads and St., 449.   Whether the object is in its nature calculated to frighten horses of ordinary gentleness is a question for the jury to determine from a consideration of its character, situation, the amount of travel on the highway, and other like circumstances.   Thomp. Neg., 778; Lawrence v. Mt. Vernon, 35 Me., 100; Ayer v. City of Norwich, 39 Conn., 376, 12 Am. Rep., 396.

Upon the question as to whether the natural tendency of the object is to frighten horses of ordinary gentleness, evidence that other horses of the same character have been frightened at the same object is admissible.   Darling v. Westmoreland, 52 N. H., 401, 13 Am. Rep., 55; Crocker v. McGregor, 76 Me., 282, 49 Am. Rep., 611; Railway v. Hill, 71 Texas, 451; Patterson v. City of Austin, 15 Texas Civ. App., 201.   We are of the opinion, therefore, that the trial court did not err in allowing the appellee to prove by Emil Connering that a few days prior to the accident in which appellee was injured, Connering's horse became frightened at the cars of appellant standing at the same place on the bridge where appellee's horse took fright.

The appellee, in describing the cars, testified that they had curtains on the sides.   The objection to this testimony, upon the ground that it was not warranted by the allegations in the petition, is untenable.   It was not necessary for the appellee to allege the cars had curtains on them in order to make such proof.   The evidence is simply descriptive of the cars.

Our conclusions of fact dispose of the assignment which complains that the verdict is not sustained by the evidence adversely to appellant.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.