Texas & New Orleans Railroad Company v.
L. W. Wright et al.

Decided January 17, 1903.

**1.—Jury—Selection—Talesmen.**

Where, when a case was called for trial, a jury was out, and from the remainder of the regular jury, more than twelve in number, only six jurors were obtained for the second jury, and the court ordered talesmen summoned, interrogated, qualified, and plaintiff made his challenges as to them and returned the list to the clerk, when the other jury returned their verdict and took seats in the courtroom, it was in the discretion of the court to then complete the second jury from the list of the talesmen, or from the jury just discharged.

**2.—Contributory Negligence—Burden of Proof—Charge.**

Where the evidence adduced by plaintiff, standing alone, does not present the issue of contributory negligence, a charge that the burden of proving contributory negligence on the part of the injured party is upon the defendant, is not error.

**3.—Same—Fact Case—Horse Taking Fright.**

Evidence in an action for injuries to plaintiff's wife caused by her horse taking fright at a hand car standing on the track near a railroad crossing, held not to present the issue of contributory negligence.

Appeal from the District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*Baker, Botts, Baker & Lovett* and *A. L. Jackson,* for appellants.

*Heidingsfelder & Heidingsfelder* and *Fisher, Sears & Sherwood,* for appellees.

GILL, Associate Justice.—This suit was brought by the appellee, L. W. Wright, against the Galveston, Houston & Northern Railway Company, the International & Great Northern Railway Company, and the appellant, Texas & New Orleans Railway Company, to recover damages for personal injuries sustained by his wife, Johanna Wright, as a result of the alleged negligence of the three companies. There was a dismissal as to the International & Great Northern. After the evidence was in, appellee abandoned his claim against the Galveston, Houston & Northern, and verdict and judgment was rendered against the appellant for $3000.

Plaintiff alleged that the accident and injuries were due to the negligence of appellant in leaving a covered hand car at the intersection of appellant's road with a public road along which his wife was driving a safe and gentle horse. That the hand car, stationed and covered as it was, was calculated to frighten and did frighten her horse, notwithstanding his safe and gentle disposition, and that he was thereby caused to run away and injure her.

Appellant answered (1) by general denial; (2) plea of contributory negligence in that the appellee's wife negligently drove a vicious horse into a dangerous position likely to frighten the animal; (3) contributory

negligence in that the horse which was being driven on the occasion in question showed fright when she approached the hand car, whereupon plaintiff's wife got out of the buggy and led the horse past the hand car, when she again got in the buggy, though she ought to have known by the exercise of ordinary care that it was dangerous to do so; (4) that she was negligent in that she whipped the horse after she got in the buggy and caused it to run away; (5) that she knew the vicious disposition of the horse and negligently used defective harness which contributed to cause the accident; (6) that the injuries were due to unavoidable accident.

The facts are as follows: On the day of the accident appellant had left a hand car in the edge of the public road where it crossed its right of way. The hand car had tools and baskets on it, and was covered by a tarpaulin. On the day in question plaintiff's wife was driving to Houston in a buggy drawn by a horse of proved gentleness and docility. When she approached to within a few feet of the hand car a gust of wind inflated the tarpaulin and blew out the flaps, frightening the horse so that he backed the buggy into the ditch at the edge of the road. This did not result in injury either to the buggy or its occupant and the horse stopped backing and 'stood still at her command. She thereupon got out of the buggy, led it across the track within five feet of the hand car, and stopped when between twenty-five and fifty feet beyond it. It showed no fright or uneasiness in passing the hand car, and when it was stopped seemed to have entirely recovered from the fright. A. C. Jones and Mary Byers had come over to her assistance when the horse backed, and were with her when she resumed her seat in the buggy. In response to questions from them as to whether she thought the horse was "all right," she replied: "Yes; I never knew him to do this way before." She then raised the lines to proceed on her journey, when the horse looked back toward the hand car. At that moment the wind again inflated the tarpaulin and blew the flaps about, and the horse again took fright, ran away and injured plaintiff as alleged.

By the first assignment appellant complains of the method adopted for the selection of the jury. Twelve members of the panel for the week were out upon another case when the parties announced ready in this cause. The remainder of the panel, consisting of more than twelve men, was drawn and lists furnished the parties hereto. After challenges for cause, twelve yet remained in the panel, and the parties struck their lists and returned them to the clerk. The result was the selection of six jurors. The other jury still being out, the court directed the sheriff to summon ten talesmen, which he did. After they were interrogated and qualified, their names were drawn, and a list furnished each party as required by law. The appellee used his remaining challenges, and returned the list to the clerk. Before appellant had used its remaining challenges or returned the list to the clerk, the jury which had been out came in. The verdict was received, and they were discharged from that case, and took seats in the court room. Thereupon appellant demanded

that the talesmen be dismissed, and the jury in this case be completed from the remainder of the jury for the week who had been selected by jury commissioners as required by law. When apprised that appellee had already returned his list of talesmen to the clerk, the court refused the demand of appellant. To this action exception was taken, and appellant passed on the talesmen under protest. The jury was thus completed out of the ten talesmen summoned and qualified as above stated. Appellant does not undertake to show that by this method it was forced to take some objectionable juror, but asserts the absolute right to have the jury completed out of the regular jury for the week.

In our opinion the contention is not sound. It is true the court should make up his juries from the panel selected by the jury commissioners for the week, but this primary rule must be subordinated to the necessity of disposing of the business of the court with reasonable dispatch. The court is therefore not required to suspend proceedings until a jury engaged in the consideration of a case reaches a conclusion and returns a verdict, for the length of time a jury may be out can not be foreseen. The statute empowers the court to call in talesmen, and was designed for just such an emergency. In the case before us it can not be successfully questioned that up to the time of the return of the verdict and the discharge of the jury that had been engaged on another case, the course pursued by the court was in strict accordance with the law. When the demand was made by appellant, the talesmen thus lawfully called in had been qualified as to their fitness to serve in this case, and, so far as appellee was concerned, had been chosen. We think it rested in the discretion of the trial court either to undo what he had done toward completing the jury from talesmen and complete it as demanded by appellant, or to proceed as he did. No injury being shown, it is clear the discretion was not abused. The situation presented one of the many problems involving the management and conduct of the business of the court which daily confront trial judges, and whether it was determined the one way or the other would not affect the legality of the jury thus chosen. The cases of Railway Co. v. Greenlee, 70 Texas, 553, and Railway Co. v. Gilvin, 55 S. W. Rep., 985, do not hold otherwise as we construe them. It is true it is said in the Greenlee case, arguendo, that the statutes governing the selection of juries contemplate that whenever practicable the jury should be made up from the venire for the week selected by the jury commissioners, the primary object being to save time and avoid the evils resulting from the selection of talesmen by the sheriff. But the remark was not addressed to a state of facts such as is presented here, nor is the comment absolutely accurate. For instance, it may be said that it is always practicable to await the discharge of the jury which may be out on another case, and if a trial judge should do so, even if such course should involve a delay of a day or days, the discretion thus exercised could not be reviewed on appeal, and yet no one will contend that litigants could demand such delay. Such a course would be practicable, but altogether inexpedient; and the power of the court to summon

talesmen manifestly was intended to enable the court to avoid a course which would so seriously interfere with the dispatch of public business. So we conclude that whether the court should delay the proceedings in order to do in another way what he had already lawfully done, was a question addressed to his sound discretion.

By the second assignment appellant assails the action of the trial court in charging that the burden of proof was on the defendant to prove by a preponderance of the evidence that plaintiff's wife was chargeable with contributory negligence. Under this assignment it is conceded that the section of the charge assailed announces a sound proposition of law, but it is urged that under the state of the evidence in this record the charge is obnoxious to the doctrine announced in Railway Co. v. Hill, 95 Texas, 629, 5 Texas Ct. Rep., 232, and authorities therein cited, to the effect that where the evidence adduced by plaintiff standing alone presents the issue of contributory negligence, such a charge is misleading and constitutes reversible error. The rule contended for is well settled, and the question presented for our determination is whether the testimony of plaintiff's wife invokes its application.

The substance of her testimony is that she was driving a horse which she had often driven, which had been safely driven by children, and that she knew its tractable and docile disposition; that when she had driven it near the hand car it became frightened at the moving tarpaulin and backed; that it stopped at her command and evinced no fear when she led it past the hand car; that it showed no evidence of fear when she re-entered the buggy, and became frightened again only when it looked back and saw the moving tarpaulin. She had not only exercised the precaution to get out and lead him, instead of undertaking to drive him across, but considered and discussed with the two witnesses with her the condition of the horse and the advisability of resuming her seat. We have had some doubt as to whether the facts of the accident as stated by her, taken as a whole, do not present contributory negligence as an issue for the jury, but have finally concluded that in view of the unusual caution displayed by her, as shown by her evidence, the issue of fault on her part is precluded. We therefore overrule the assignment.

The other assignments will not be discussed in detail. They present no error. We are of opinion the evidence sustains the verdict on the issue of liability. Railway Co. v. Bridges, 16 Texas Civ. App., 64, 40 S. W. Rep., 536. The amount of the recovery is not complained of.

The judgment is in all things affirmed.

*Affirmed.*

Writ of error refused.