## SMITH v. IRWIN et al. (No. 659.)

Court of Civil Appeals of Texas. Waco. May 10, 1928.

Rehearing Denied June 21, 1928.

**1. Trial ⬅➡350(4)—Submission of requested issue whether broker suing for commission misled principal held properly refused as immaterial.**

In action by real estate broker for commission for procuring exchange of lands, submission of issue as to whether broker misled principal by representing that other party to exchange would carry one-third of notes to be given by principal in place of cash payment *held* properly refused, where it was immaterial, in that no bad faith on part of broker was shown, and broker intended to take up two-thirds of notes himself by using his commission for such purpose.

**2. Trial ⬅➡121(2)—Counsel in argument may draw own conclusion from evidence before jury.**

In the argument, counsel has right to draw his own conclusion or deduction from evidence before jury.

**3. Appeal and error ⬅➡1060(1)—Argument of plaintiff's counsel that record showed defendant conveyed property to conceal it from creditors, if improper, held harmless, where amount sued for was liquidated, and defendant's liability was amply shown.**

In action by broker for commission in procuring exchange of lands, argument of plaintiff's counsel that record shows that defendant conveyed property for purpose of concealing it from creditors, there being evidence as basis therefor, if improper, *held* harmless, where amount sued for was liquidated, and liability of defendant was amply sustained by the evidence.

**4. Appeal and error ⬅➡972—Trial ⬅➡106—Whether alleged improper argument was injurious is addressed to trial court's discretion, which will not be disturbed, in absence of clear error.**

Whether or not defendant sustained injury by alleged improper argument of plaintiff's counsel was question of law, addressed to discretion of trial court, and it must clearly appear that error has been committed by trial court to warrant an adverse holding by Court of Civil Appeals.

**5. New trial ⬅➡44(3)—New trial for alleged misconduct of jury in considering fact that defendant concealed title to land by having it in name of his brother held properly refused.**

In suit by broker for commission in exchange of lands, new trial on ground of jury's misconduct in considering evidence that defendant concealed title to land traded by having it in his brother's name *held* properly refused, in view of conclusive evidence that property was in defendant's brother's name and lack of evidence that jury was in any way influenced thereby.

**6. Appeal and error ⬅➡978(3)—New trial ⬅➡44(1)—New trial for alleged misconduct of jury is within trial court's discretion, which will not be disturbed, unless abuse thereof is shown (Rev. St. 1925, art. 2234).**

Under Rev. St. 1925, art. 2234, new trial for alleged misconduct of jury is addressed to discretion of trial court, and his action in overruling motion should not be disturbed, unless it is made to appear that he abused such discretion.

**7. Appeal and error ⬅➡1060(1)—Argument that plaintiff broker was entitled to commission, if error, held harmless; agreement to pay commission not being disputed.**

In action by broker for commission in procuring exchange of lands, argument of plaintiff's counsel that he wanted jury to answer question "No," because plaintiff was entitled to his commission, if error, *held* harmless, where there was no controversy but that defendant originally agreed to pay plaintiff stipulated commission, and only issue was as to inclusion of live stock and implements in trade.

**8. Jury ⬅➡137(3)—Permitting exercise by plaintiff of one of remaining challenges on accepted juror, who was one of original insufficient panel, held not reversible error.**

Where original list of jurors contained only seventeen names, and each party exercised four of his six peremptory challenges, *held* that, on additional prospective jurors being summoned, permitting plaintiff to exercise one of remaining two challenges on an accepted juror who had been left on panel was not reversible error, where defendant did not contend that he was in any way injured.

**9. Trial ⬅➡350(4)—Pleadings and evidence in broker's action for commissions in procuring exchange of lands held not to raise issue of procuring cause.**

In action by broker for commission for procuring exchange of land, pleadings and evidence *held* not to raise issue as to procuring cause of the trade, and hence refusal to submit such issue was proper.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by George W. Irwin and another against Chesley Smith. Judgment for plaintiffs, and defendant appeals. Affirmed.

Bryan & Maxwell, of Waco, for appellant.

Spell, Naman & Penland, of Waco, for appellees.

STANFORD, J. This suit was filed by appellees George W. Irwin and J. A. Craven, Jr., against appellant, Chesley Smith, to recover a commission of $1,669, alleged to be due them as real estate brokers in bringing together appellant and W. H. Gorham in a contract for the exchange of lands, which trade was thereafter fully consummated. Appellees alleged further that, before the execution of said contract, appellant promised and agreed to pay them a commission of $1,669. Appellant, in addition to a general de-

murrer and general denial, specially alleged that, as a condition precedent to any trade, appellees were required to include about 50 head of live stock, farming implements, etc., in the trade, and that appellees failed to include said live stock in the trade, and by reason thereof appellees were not entitled to any commissions. Appellant alleged further that, by the terms of the written contract of exchange of lands between appellant and W. H. Gorham, appellant was required to pay the said Gorham a difference of $2,500 in cash; that appellant was to give Gorham vendor lien notes for said amount, and to procure said notes to be cashed, and thereby raise the $2,500, before the closing of said trade; that, upon the failure of appellant to raise the $2,500, Gorham should have the option of taking the said $2,500 in vendor lien notes in lieu of cash, or else Gorham could refuse to accept the notes, in which event the contract should become null and void. Appellant alleged further that he informed Gorham and appellee Irwin that he was unable to negotiate said notes for cash, whereupon appellee Irwin represented to him that he (Irwin) had arranged to take care of the $2,500 cash payment, by himself cashing one-third of said amount, by Gorham carrying one-third, and appellant paying one-third thereof.

Appellant further alleged that he relied upon this representation of appellee Irwin, but that Gorham refused to carry one-third of the notes, and denied that he had so promised Irwin, and that Irwin undertook to have Gorham represent to appellant that he (Gorham) would carry one-third of said $2,500; that by these acts the said Irwin fraudulently misled appellant, and consequently appellant was forced to raise the $2,500 cash, according to the terms of the written contract, all by himself; and that, if the appellee was his agent, such agency ceased by reason of the aforementioned acts, and therefore appellee was not entitled to any commissions. In a supplemental petition appellees denied that they undertook to sell or trade for appellant any live stock or farming implements, or anything else, except the real estate conveyed in this trade; that appellee Irwin did endeavor to help the appellant sell the $2,500 vendor lien notes mentioned—that he volunteered to help appellant negotiate said notes—but all such efforts by him were without consideration, and for the purpose only of aiding appellant to perform his part of the contract, as he had agreed in the written contract with Gorham to do.

In response to special issues the jury found:

"(1) That, during the time the contract in evidence between Gorham and Smith was being prepared, the plaintiff Irwin did not agree with the defendant Smith not to charge Smith a commission if Smith would make a trade without including the live stock and implements therein.

"(2) At the time the defendant Smith agreed to pay Irwin $1,669, it was not understood between them that the live stock and implements were to be included with the land in the sale."

On these findings, and such additional findings by the court as the record warranted, the court entered judgment for appellees for $1,669. Appellant has duly appealed, and presents the record here for review.

[1] Under his first proposition, appellant contends the court erred in refusing to give his first specially requested issue, as follows:

"Did George W. Irwin, plaintiff herein, request W. H. Gorham to conceal from Chesley Smith, the defendant, that he (Gorham) would not carry any part of the $2,500 mentioned in section 10 of the contract?"

—because said issue was raised by the pleading and evidence, and was material, in that there must be no misrepresentation, etc., in order for the agent to recover commissions. The record discloses that appellees were acting as middlemen in bringing the appellant and Gorham together in the exchange of lands. The contract for the exchange was in writing, and had been executed by appellant and Gorham, and provided that appellant should raise $2,500 cash as a difference in the trade, to be paid by him to Gorham. To this end appellant agreed to execute five notes to Gorham, secured by vendor's lien upon the land he received from Gorham, and he (appellant) was to use his best endeavor to negotiate said notes, and thus raise the $2,500 in cash to be delivered to Gorham.

The contract provided that, in case appellant failed to negotiate the notes, then he would notify Gorham, and in such event Gorham should have an option for ten days to decide whether or not he would accept the $2,500 in notes in lieu of the cash, and, upon failure of appellant to negotiate said notes and the refusal of Gorham to accept said notes in lieu of the cash, the contract by its provisions should become null and void. There is evidence in the record that appellee Irwin told appellant, Smith, that he (Irwin) would carry one-third of said notes; that Gorham had agreed to carry one-third; and that he (appellant) could pay the other third. Gorham testified, in substance, that he refused to carry one-third of the notes, and that Irwin either asked him to tell Smith that he would carry one-third, or, at least, to lead Smith to believe that he (Gorham) would do so. Appellant Irwin testified, in substance, that Gorham would not agree to carry one-third of the notes, and, in order to help appellant Smith perform his part of the contract and see the trade go through, that he undertook to take two-thirds of the notes and pay this amount out of the commissions due him from appellant, Smith, but Smith denied that he was to pay a commission, and Irwin could not, therefore, take up the notes, unless Smith paid him. By the

terms of the written contract of exchange, the duty of raising the $2,500 cash rested upon appellant. There is no contention that any duty rested upon appellee Irwin to do anything in reference to raising said money. Appellant, however, failed to raise the money, and, when he notified Irwin of his failure, Irwin, without any duty resting upon him to do so and without consideration for so doing, volunteered to assist appellant by undertaking to arrange the matter. Irwin, according to his evidence, which is not contradicted, was prepared and intended to use all of his commission from appellant in taking up two-thirds of the $2,500 in notes, and appellant would raise the cash for the other third.

The misrepresentation of which complaint is made is that Irwin represented that Gorham would carry one-third of said notes and Irwin one-third, but, when the deal was being closed, appellant learned that Gorham was not carrying one-third, and that Irwin was going to carry two-thirds. As we view the matter, it was immaterial to appellant whether Irwin carried a third and Gorham a third, or whether Irwin carried two-thirds, so long as appellant was relieved of paying all except one-third of the $2,500. The liability of appellant could in no way be affected by Irwin's carrying two-thirds of said notes instead of same being carried one-third each by Irwin and Gorham. It seems that appellant was the one who prevented the trade being closed in this manner by denying that he owed the commission for which this suit was brought. The jury found he did owe it. If appellant was misled by Irwin to believe that Gorham would carry one-third of the $2,500 and Irwin one-third, when in fact Irwin intended to carry the two-thirds himself, still there is no contention that Irwin intended to injure appellant, or that such arrangement would have injured appellant, or that Irwin was acting in bad faith or in any way, except in furtherance of appellant's interests by attempting in good faith to help him raise the $2,500 in cash to pay Gorham. Chase v. Veal et al., 83 Tex. 333, 18 S. W. 597; Christian v. Dunavent (Tex. Civ. App.) 232 S. W. 875; 4 R. C. L. p. 327, § 63. The issue requested by appellant was wholly immaterial, and was properly refused.

[2-4] Under his second proposition, appellant complains of the following argument to the jury by appellees' counsel, because there was no evidence to support same:

"There is no evidence in the record that George Irwin conveyed his property for the purpose of concealing it from his creditors. The record bears me out that Smith did that."

All of the evidence, both documentary, and oral, disclosed that the title to the land which appellant contracted to have conveyed and did have conveyed to Mr. Gorham, was in his brother, Sep. Smith. So there was evidence as a basis for appellees' argument. In the argument counsel has the right to draw his own conclusion or deduction from the evidence before the jury. However, if this argument had been improper, as the amount sued for was a liquidated amount, and the liability of appellant was amply sustained by the evidence, it is reasonably apparent appellant sustained no injury by reason thereof. City of Mart v. Hasse (Tex. Civ. App.) 281 S. W. 318. As to whether or not appellant sustained injury by this improper argument, if it was improper, was a question of law addressed to the discretion of the trial court, and it must clearly appear that error has been committed by the trial court to warrant an adverse holding by this court. Hubb Diggs Co. v. Bell (Tex. Com. App.) 293 S. W. 808.

[5, 6] Appellant contends further that the court erred in refusing to grant a new trial upon the ground that the jury was guilty of misconduct, in that they considered matters not in evidence, to wit, the fact that appellant concealed his title to the land traded by having same in the name of his brother. The record discloses that four of the jurors were called and testified on the hearing of appellant's motion with reference to what was said about appellant concealing his property under another name. Three of them testified that some one mentioned the fact that appellant's property was in his brother's name, but they did not know who mentioned this. Another one testified that some one, he did not know who, said something about appellant trying to conceal his property by putting it in his brother's name. None of them testified there was any discussion of the matter, but only casually mentioned. They also testified that on the first ballot, before any discussion at all, the jury stood ten to two in favor of plaintiffs, and there is no evidence that any juror was influenced in any way by what was said in the jury room. In fact, the evidence showed conclusively that appellant's property was in his brother's name, and, if one juror did express the opinion that it was so placed to conceal it, this was only a conclusion of said juror, and appears to have had no effect on any one of said jurors. The findings of the jury to the two issues submitted appear to be amply supported by the evidence. The motion for new trial on the ground of alleged misconduct of the jury was addressed to the discretion of the trial court, and his action in overruling said motion should not be disturbed, unless it is made to appear that he abused such discretion, which does not appear from this record. Article 2234, Revised Statutes; G., C. & S. F. Ry. Co. v. Blue, 46 Tex. Civ. App. 239, 102 S. W. 128; M., K. & T. Ry. Co. of Texas v. Brown (Tex. Civ. App.) 140 S. W. 1172; Freeman v. McElroy (Tex. Civ. App.) 149 S. W. 428; Trin-

ity & B. V. Ry. Co. v. Geary (Tex. Civ. App.) 194 S. W. 458; Hines v. Parry (Tex. Civ. App.) 227 S. W. 339; Wolf v. Wolf (Tex. Civ. App.) 269 S. W. 488; Green v. Enen (Tex. Civ. App.) 270 S. W. 929.

[7] Appellant contends further that the following statement of appellees' counsel in his closing argument, to wit: "I want you to answer this question 'No,' because Irwin is entitled to his commission," was improper, and constituted reversible error. There was no controversy in this case but that appellant agreed originally to pay appellee Irwin a commission of $1,669 for effecting the exchange of properties between appellant and Gorham, but appellant contended on the trial that Irwin was to include in the trade his live stock and implements of the value of about $7,000, as well as his lands, and that, when the exchange contract between him and Gorham was drawn up, Mr. Gorham refused to take the live stock and implements, and that appellee Irwin then agreed with him not to charge him a commission, if he would make the trade, leaving out his live stock and implements. So the result of this case depended upon the question of whether or not Irwin agreed with appellant not to charge him a commission if he would make the trade, leaving out the personal property. This was the only real issue in the case. It was clearly made by the pleadings, the jurors heard the evidence and argument of counsel, all bearing upon this one decisive issue, and must necessarily have known the effect of their answer to said issue, and so, if the statement of which complaint is made was error, it was harmless. Fain et al. v. Nelms et al. (Tex. Civ. App.) 156 S. W. 281 (writ denied).

[8] Under his fifth proposition, appellant contends the court erred in permitting appellee to exercise one of his remaining challenges on a juror that had been accepted. The record discloses that, when the parties announced ready, a complete jury list was not available; a partial list being furnished. The attorneys each exercised four peremptory challenges, leaving nine jurors. The nine were placed in the jury box, but not sworn, and instructed by the court not to discuss the case, and were excused until the following morning, when others were summoned to complete the jury, and counsel for appellees was permitted to exercise one of his two remaining challenges on A. G. Armstrong, who had been left on the panel the previous day. Our statutes provide for a jury of twelve in the district court, and that each side is entitled to six peremptory challenges; and, if there remain on the lists furnished counsel twelve names not subject to challenge for cause of the regular panel, then the parties shall proceed to make their peremptory challenges. If the jury is left incomplete by reason of the number of peremptory challenges exercised, then the court directs other jurors to be summoned to complete the jury, and such other jurors shall be impaneled as in the first instance. If the original panel consisted of twenty-four after the challenges for cause had been exercised by each side, then each side, if so desired, could intelligently exercise his six peremptory challenges, and still have the jury complete. But, if the original list contains less than twenty-four names, or seventeen, as in this case, then neither side can afford to exhaust all of his challenges, for, while some on the original list may not be very acceptable, some or all of the additional men to be summoned to complete the panel might be far more objectionable. In this case, each party exercised four of his six challenges on the original list, leaving only nine of said list. When the additional prospective jurors were summoned, and their names placed upon the original list, the fairest course to pursue was to permit each side to use his two additional challenges on any names on said list, regardless of whether they were on the original list or summoned later. We think, under the provisions of our statutes, in civil cases, the right of peremptory challenge is a right to reject a juror, and that such right may be exercised at any time before the juror is sworn. Appellant does not contend that by this method he was forced to take some objectionable juror, or that he was in any way injured. In any event, we think no reversible error is shown. T. & N. O. R. Co. v. Wright, 31 Tex. Civ. App. 249, 71 S. W. 760; note, 19 Ann. Cas. p. 766.

[9] Under his eighth proposition, appellant contends the court erred in failing to submit to the jury the issue of "procuring cause," and the court, in rendering judgment, found this issue in favor of the plaintiff, which issue was beyond the power of the court. Appellees alleged, in substance, that appellant listed with them for sale or trade 1,280 acres of land in Crosby county; that appellees procured a purchaser of appellant's land, to wit, W. H. Gorham, and brought the said appellant and W. H. Gorham together in a trade of their respective properties, and, as a result of their efforts, the said appellant and Gorham entered into a contract in writing for the exchange of their said properties; that, prior to the time said contract was executed, appellant agreed to pay them $1,669 for procuring said contract of exchange, etc. Appellant, in addition to a general denial, answered specially that he had made it a condition precedent to any trade that appellees were to include in any trade that might be made, about 50 head of live stock, farming implements, etc., before he would agree to any trade, and that appellees agreed that they would undertake to make a trade with Gorham on said basis, but that they failed to include his live stock in said trade,

so he owed them no commission. There is no controversy but that appellant agreed to pay appellees $1,669 for procuring the contract of exchange and sale with Gorham. There is no controversy but that appellees did procure the written enforceable contract of exchange of properties between appellant and Gorham.

Some time after the execution of the written contract, when the parties met for the purpose of closing the deal and paying over the money, appellant apparently became very angry, and abruptly ended the conference because appellee Irwin proposed to collect a commission from him with which he (Irwin) planned to pay two-thirds of the $2,500 difference in the exchange, instead of one-third being paid by Irwin and one-third being carried by Gorham, as above set out. Thereafter Irwin performed no further service toward closing the trade, but the trade was closed between appellant and Gorham according to the contract procured by appellees. Appellant testified, in substance, that his live stock and implements were to be included in the contract of exchange, and that they were not so included, and so he owed no commission. He also testified that appellee Irwin agreed not to charge him a commission, if he would make the trade leaving out his live stock and implements. The two issues submitted by the court were the only material issues made by the pleadings and evidence. There was no issue as to the procuring cause of said trade made by either the pleadings or evidence.

We have considered all of appellant's assignments, and, finding no reversible error, overrule same. The judgment of the trial court is affirmed.