## WEST TEXAS UTILITIES CO. v. HAYNES.
### (No. 596.)

Court of Civil Appeals of Texas. Eastland.
Sept. 13, 1929.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

E. S. Cummings and H. L. De Busk, both of Abilene, for appellee.

HICKMAN, C. J. The appeal is from a judgment in favor of appellee against appellant for the value of a mule. Briefly, the facts are: Appellant, through its employees, was constructing a telephone line along a highway near the farm upon which appellee resided. At the close of a day's work the employees left two spools of wire near the traveled portion of the highway. One of these spools was left lying flat in a ditch, and the other was left standing on its end between the ditch and that portion of the highway over which vehicles passed. Appellee came along this highway after working hours, taking some mules to a pasture. He was riding in an automobile and leading two mares. Seven mules were following the mares. These mules became frightened at these spools of wire, some of them running on ahead of the automobile and some of them running back down the road. About a hundred yards down the road a side lane came into the highway. There were barbed-wire fences on each side of the highway and each side of the side lane. In turning from the highway into this side lane, one of the mules became entangled in the barbed-wire fence and was cut to such an extent that it became worthless and was killed by appellee.

. Only two propositions are contained in the brief. These propositions present the questions: (1) That the evidence failed to show any negligence on the part of the defendant;

and (2) that, if negligence is shown by the evidence, such negligence was not the direct and proximate cause of the injury to the mule.

The testimony shows that the mule was gentle, and not easily frightened; that it was four years old and was broke to work.

██ The rule of law governing this case is well established. It is stated by Justice Neill in San Antonio Edison Co. v. Beyer, 24 Tex. Civ. App. 145, 57 S. W. 851, 852, in the following language: "Where a horse of ordinary gentleness becomes frightened at objects reasonably and naturally calculated to frighten horses, which one has negligently placed and permitted. to remain in the highway, and an injury results without contributory negligence, the one who so negligently has permitted such objects to remain in the highway will be liable for the damages occasioned by such injury, unless the party injured is guilty of contributory negligence. City of Weatherford v. Lowery (Tex. Civ. App.) 47 S. W. 34; Elliott, Roads & S. 449. Whether the object is in its nature calculated to frighten horses of ordinary gentleness is a question for the jury to determine from a consideration of its character, situation, the amount of travel on the highway, and other like circumstances."

That is but a restatement of the general rule as stated in Elliott on Roads & Streets (4th Ed.) § 794.

Other Texas cases announcing and applying the same general rule are: Patterson v. City of Austin, 15 Tex. Civ. App. 201, 39 S. W. 976; City of Weatherford v. Lowery (Tex. Civ. App.) 47 S. W. 34; Sherman, S. & S. Ry. Co. v. Bridges, 16 Tex. Civ. App. 64, 40 S. W. 536; Scott et al. v. Shine (Tex. Civ. App.) 194 S. W. 964; Texas & N. O. R. Co. v. Wright, 31 Tex. Civ. App. 249, 71 S. W. 760.

██ The question of whether, under all the facts and circumstances, appellant was guilty of negligence in leaving these spools of wire near the traveled portion of the highway was a question of fact, and that issue having been determined by the trial court in favor of the appellee upon sufficient evidence, the finding will not be disturbed.

██ The fact that appellant was constructing its telephone line along the highway by authority of the commissioners' court is immaterial. Authority to construct a telephone line along a highway is not justification for negligence in the method of its construction. This question is determined in the case of Patterson v. City of Austin, supra.

██ The question of proximate cause is also a fact question. The trial court has determined that fact issue against appellant.

The evidence supports the finding. We do not think the cases of Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, Seale v. G., C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602, and San Antonio & A. P. Ry. Co. v. Behne

238

(Tex. Com. App.) 231 S. W. 354, relied on by appellant, are authority for the contention that, as a matter of law, the negligent act found by the trial court was not the proximate cause of the injury. Those cases establish the rule that the element of foreseeableness is essential in proximate cause, but, under the facts of this case, we are unable to say, as a matter of law, that a person of ordinary prudence should not have foreseen an injury similar to the one here involved as a consequence of the negligent act.

On oral submission a question of fundamental error was presented, which is not contained under any proposition in the brief. It was claimed that the judgment has no support in the findings of fact filed by the trial court in that the court nowhere finds that appellant was guilty of negligence. A portion of the court's findings is as follows: "The court finds further that the defendant, through its agents, servants, and employees, knew that said road was a country public road and that livestock might be brought along said road at any time; that the spool of wire was an unusual and new sight for stock traveling along the highway, and that defendant should have foreseen by and through its agents, servants, and employees that stock as a result of the spool of wire being there might become frightened and that an injury similar to the one complained of might have happened; and further, that the spool of wire being there was the direct cause of the mule becoming frightened and the proximate cause of the injury; that the plaintiff was not guilty of any contributory negligence in the manner of transferring the said stock or in any other way; that the act of the defendant in leaving the spool of wire where it was left was the direct and proximate cause of the injury complained of."

While, as insisted by appellant, the court did not state in its findings that the several acts described constituted negligence, yet the findings contain the elements of negligence and plainly imply a finding of negligence by the court, and this, we think, is sufficient to support the judgment.

The judgment of the trial court will be affirmed.