## TEXAS CO. et al. v. TUNNELL.

### No. 11272.

Court of Civil Appeals of Texas. Dallas.
June 10, 1933.

Rehearing Denied July 1, 1933.

J. L. Lipscomb and McBride, O'Donnell & Hamilton, all of Dallas, for appellants.

Wynne & Wynne, of Wills Point, for appellee.

JONES, Chief Justice.

Appellee, R. A. Tunnell, instituted this suit in form of trespass to try title to 6¼ acres of land in Van Zandt county against Floyd C. Dodson, J. F. Marion Oil Company, and Black Arrow Oil Company, appellants. The Texas Oil Company and the Pure Oil Company were made parties defendant in a count in appellee's petition, but the suit against them was dismissed by appellee. Appellants, in their answer to appellee's suit, sought the affirmative relief, by way of cross-action, to correct what was alleged to have been a misdescription of Tunnell's mineral deed or lease, and to cause same to conform to the actual contract made between the parties to the conveyance. From an adverse judgment, appellants have duly prosecuted an appeal, and the following are the necessary facts:

The land in question is in the Van oil field, located in Van Zandt county. At the time the mineral deed was executed by appellee and his wife, appellee owned a farm, consisting of 106¼ acres, according to the two deeds of conveyances to appellee, and the entire land is described as being in the shape of a capital L, the 6¼ acres in controversy being a narrow strip along the upright part of the L.

On December 3, 1909, appellee purchased from R. J. George and wife a tract of land described in the deed of conveyance by metes and bounds, and represented to contain 100 acres. This land was out of the J. Walling league. On December 6, 1915, appellee purchased the other tract of land and the one in controversy from A. D. Clark. This tract of land is a part of the same league, and is described by metes and bounds in the deed of conveyance and represented to contain 6¼ acres. The two tracts of land, at the time the mineral deed in question was executed, composed the farm of appellee and also the homestead of himself and family.

The mineral deed in question described the interest in the land conveyed as an undivided one-fourth interest in the mineral rights to 100 acres of land, more or less, and described the 100 acres as "being the land conveyed to R. A. Tunnell by R. J. George,

by warranty deed, said deed being recorded in the deed records of Van Zandt County, which deed and record thereof reference is here made for a more complete description, and which description as therein shown is made a part hereof. * * * " This deed in no way describes, or by any reference includes, the 6¼-acre tract of land which appellee purchased from ·Clark. Appellants do not contend that the description in the mineral deed does include such land, but allege, and offered evidence to show, that the parties to this conveyance intended to make the entire Tunnell farm subject to the conveyance, and to include the said 6¼ acres of land therein, and that the failure of the deed to include it was by mutual mistake.

Appellee, both by pleading and by substantial evidence, denied that there was any mistake in the description of the land conveyed, and intended to be conveyed, by such mineral deed.

There was therefore a controverted issue in reference to this matter, and the court submitted such controverted issue to the jury in two special issues, on each of which issues the jury returned a finding in favor of appellee, and a judgment in his favor was accordingly entered.

■ The complaint of appellants is that the verdict of the jury on the special issues is not sustained by substantial evidence. To this we ·cannot agree. Appellee and his wife both testified to facts tending to show that, on their part, they did not intend to convey any right, title, or interest in and to the 6¼ acres of land, but only intended to convey an interest in the minerals under the 100-acre tract described in said conveyance. This evidence is sufficient to render the finding of the jury on such controverted issue binding on this court, and appellants' contention in this respect is overruled.

■ In separate bills of exceptions, made the basis of assignments of error on this appeal, appellants contend that this case should be reversed because of improper arguments indulged in by the attorneys for appellee; one of such arguments being in the opening address and the other two arguments being in the closing address. The argument in the opening address and substantially reiterated in the closing address is to the effect that counsel stated to the jury that the reason the defendants brought the cross-action to reform the mineral deed in question was because the property had become more valuable since the date of the mineral deed by virtue of oil having been discovered thereon. The objection made is that the argument is prejudicial to appellants and that there is no evidence showing that oil is being produced on the property in controversy; while this is true, the pleading, read to the jury, alleged that oil was being produced

on the property, and the fact that there was oil on the property was thereby called to the attention of the jury. Nothing material to the trial of any issue depended on whether there was oil on this property. We do not believe that the character of this argument, under the record, is such as to show reversible error, and the assignments of error in this respect are overruled. Dallas Ry. & Term. Co. v. Bankston (Tex. Civ. App.) 33 S.W.(2d) 500; Perkins v. Norris (Tex. Civ. App.) 25 S.W.(2d) 979; Houston E. & W. T. R. Co. v. Sherman (Tex. Civ. App.) 10 S.W.(2d) 243; Smith v. Irwin (Tex. Civ. App.) 7 S.W.(2d) 926.

■ The other bill of exception showed that appellee's attorney, in his closing argument, stated to the jury that, if they answered the special issue submitted to them in the affirmative, these defendants would take the land in controversy from appellee. The court qualified the bill of exception by stating that the argument was made in answer to an argument made by the attorney for appellants, "Wherein he (appellants' attorney) told the jury that, the defendant had bought the whole Tunnell farm; that the 6¼ acres in controversy was a part of the Tunnell farm, and that the defendants were entitled to the 6¼ acres, and the jury should answer the question in the affirmative."

If the argument made by appellee's attorney was improper, then the argument made by appellants' attorney, being of the precise nature of the argument complained of, was likewise improper, and appellants' counsel, having indulged in the same conduct, cannot be heard to complain because appellee's counsel followed in the same footprints, to answer the improper argument first made. In addition to this, the issues submitted to the jury were plain and simple, and each juror was bound to know that, if he answered the issues in the affirmative, as urged to do by appellants' attorney, it would be an answer favorable to appellants, and, if he answered them in the negative, as urged to do by appellee's attorney, it would be an answer favorable to appellee, and the improper argument in each instance was harmless. We overrule all assignments of error in reference to the argument of counsel. Marine B. & T. Co. v. Epley (Tex. Civ. App.) 10 S.W.(2d) 739, 741; Houston E. & W.· T. R. Co. v. Sherman (Tex. Civ. App.) 10 S.W.(2d) 243; Davis v. Hill (Tex. Com. App.) 298 S. W. 526; Rust v. Page (Tex. Civ. App.) 52 S.W.(2d) 937; Corn v. ·Crosby County Cattle Co. (Tex. Com. App.) 25 S.W.(2d) 290.

Finding no reversible error, it is our opinion that the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.

BOND, J., did not participate in this decision, because he sat as trial judge.