## F. SMOTRIDGE AND WIFE V. T. B. LOVELL.

1. That a husband and wife may be jointly sued on their joint contract, executed for the benefit or improvement of the wife's separate property, has been too often decided by this court to be now questioned. (5 Texas, 152 ; 23 Texas, 627 ; 31 Texas, 673.)

2. Husband and wife jointly contracted with a builder to erect an addition to a house which, together with the lot on which it stood, was the property of the wife and her infant son by a previous husband. In a suit by the builder against the husband and wife, the plaintiff alleged that the construction was for the benefit of the wife's separate property, and prayed a general judgment *in personam* against them. *Held*, that the defendants were jointly liable, and hence there was no error in a general judgment *in personam* against them; although by proper pleadings the wife's separate estate might have been first subjected for satisfaction of the demand. *Held further*, that as the judgment sought and rendered could not affect the infant joint owner, he was not a necessary party defendant.

ERROR from Liberty. Tried below before the Hon. J. M. Maxey.

The character of this case is shown in the opinion of the court. The petition asked only for a general judgment against the defendants, Smotridge and wife. In one of their answers they alleged that a child of the wife, by a former husband, was a part owner, jointly with its mother, of the lot in the town of Liberty on which the houses stood ; and on the trial of the case this fact was proved by the records of the probate court.

The cause was submitted to the court, without a jury. The court rendered an ordinary personal judgment against the defendants, taking no notice of the suggestion respecting the joint interest of the minor.

The second error assigned by the defendants was to the effect that the husband could only be made liable after the wife's separate property had been subjected

for the debt, and this is the only error insisted on by counsel for the plaintiff, in his brief.

*E. B. Pickett*, for the plaintiffs in error.

No brief for the defendant in error.

OGDEN, J.—That the wife may be jointly sued with her husband, on a joint note or contract, when executed by them for the benefit of her separate property, has been too often decided by this court and too well settled to be now questioned. (Cartwright v. Hollis, 5 Texas, 152 ; Haynes v. Stovall, 23 Texas, 627 ; and George v. Stevens, 31 Texas, 673.)

The petition in this case alleges that the contract sued on was executed by the husband and wife for the purpose of procuring the erection of a house on the separate property of the wife, and that said house, when so erected, was to be for the exclusive benefit and improvement of the wife's separate property.

We think such a contract is sufficient to bind the separate estate of the wife, and that she was properly sued with her husband. (5 Texas, 152 ; Butler v. Robertson, 11 Texas, 143.)

It was not necessary to have made the infant son of the wife a party to the suit ; first, because he was no party to the contract ; and second, because the suit was not prosecuted for the purpose, nor does the judgment in any way affect that son's interest, if he has any, in the homestead, or any other property, as the judgment is against the husband and wife, and affects their property only.

We are unable to discover the force of the objection to the judgment rendered, as raised by plaintiff in error's second assignment.

The husband and wife jointly promised to pay the·

amount specified, and under the pleadings and evidence in this case, we think the husband may very justly be held primarily liable for the fulfillment of the contract.

Under proper pleadings and evidence, the wife's separate property might be made first liable; but we do not think the pleadings or evidence in this case require or would authorize such a judgment.

We have failed to discover any sufficient cause for disturbing the judgment of the lower court. It is therefore affirmed.

AFFIRMED.