## E. E. CHASE V. W. G. VEAL & CO.

### No. 3389.

1. **Fact Case — Conflict in Evidence.** — In this case the preponderance in the evidence appeared against the findings of the trial judge. *Held* by the court: "We do not find anything in the record to justify us in departing from the well established practice of this court not to reverse a judgment on the facts when the findings of the trial court have evidence sufficient to support them, notwithstanding they may seem to us to be contrary to its preponderance."

2. **Principal and Agent.**—That a land agent may have agreed to share his commissions with a purchaser could work no injury to the principal. It would not be a ground for reversal of a judgment in favor of the agent for commissions.

APPEAL from Tarrant. Tried below before Hon. J. C. RANDOLPH, Special District Judge.

The opinion states the case.

*Templeton & Carter,* for appellant, cited Harrell v. Zimpleman, 66 Texas, 294; Sibbald v. Iron Co., 83 N. Y., 378; Mech. on Ag., secs. 214, 215; 17 Texas, 661; 1 Wait's Act. and Def., 271; Murray v. Beard, 102 N. Y., 505; 1 Am. and Eng. Encyc. of Law, 372, 380.

*Capps & Cantey,* for appellees.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellees, a firm of real estate brokers, to recover commissions charged to be due them by appellant for procuring purchasers for certain real estate owned and sold by him to such purchasers.

The cause was tried by the court without a jury, and a judgment was rendered in favor of the plaintiffs.

The court made its findings, which are as follows:

"1. That on the 10th day of April, 1890, the defendant was the owner of the property described in the plaintiffs' petition, to-wit, block No. 18, in Patillo's addition to the city of Fort Worth, in Tarrant County, Texas, and block No. B1 of the Bellevue Hill addition to said city.

"2. That on said date the defendant E. E. Chase entered into a verbal contract with the plaintiffs, wherein he employed them as his agents to sell blocks of land for the following sums, to-wit, block No. 18 for $22,-500, and block No. B1 for $11,000, obligating himself in said contract to pay plaintiffs 5 per cent upon the amount for which they should sell said land under the terms of said agency.

"3. That for said consideration the plaintiffs agreed to act as such agents for defendant, and endeavor to sell said blocks of land for him.

"4. That as such agents for defendant the plaintiffs began negotiations with G. C. Bailey, J. D. Park, and E. B. Pendleton to sell them

said tracts of land, carried them to see the same, and informed them as to price and as to who was the owner thereof, and said parties expressed themselves as being pleased with said property and promised to notify plaintiffs when they decided whether they would buy the same.

"5.   That on the same day, after the plaintiffs had commenced the negotiations for the sale of said property as above set forth, they informed defendant as to what they had done, and requested him to also take said Bailey, Park, and Pendleton to see said land, which he did.

"6.   That thereafter the defendant continued said negotiations first begun by plaintiffs with said Bailey, Park, and Pendleton to sell them said land; and on the 17th of April, 1890, as a result of said negotiations first begun by plaintiffs, defendant sold and conveyed to said Bailey, Park, and Pendleton said lot 18 for $22,500; and on the 15th day of May, 1890, as a result of said negotiations so commenced by plaintiffs, defendant sold and conveyed said block B1 to said Pendleton for $10,500—sums satisfactory to defendant.

"7.   That plaintiffs procured for defendant said purchasers of said land after their employment to sell the same as aforesaid, and began the negotiations to sell the same to said Bailey, Park, and Pendleton before the defendant knew they desired to buy the same, or had said anything to said purchasers or they to him in regard to said matter.

"8.   That said Bailey, Park, and Pendleton were at the time of said sale to them, and now are, nonresidents of this State, and knew nothing as to the said land or its location until same was shown to them by plaintiffs as aforesaid.

"9.   That the defendant has never paid the plaintiffs their commission as his agents as aforesaid in procuring said purchasers of said land, thereby effecting said sale.

"10.   That it is the custom in Fort Worth, Texas, for land agents to receive no commission where land placed in their hands for sale is sold by the owner, provided the owner first finds the purchaser and begins the negotiations that result in such sale.

"11.   The court therefore finds under the law as applied to the foregoing facts that the plaintiffs are entitled to recover from the defendant the sum of $1650—5 per cent commission on the amounts for which said lots were sold as aforesaid—together with interest thereon from the 1st day of January, 1891, at the rate of 8 per cent per annum; and it is ordered that judgment be so entered."

The assignments of error call in question the sufficiency of the evidence to sustain the judge's findings of fact.

The findings are supported by the evidence of the two plaintiffs who testified in the cause, and their evidence is not without a slight support in the testimony of some of the other witnesses.   On the other hand, it is contrary to the positive evidence of the three purchasers and of the defendant himself.

It seems to us that the preponderance of the evidence was decidedly in favor of the defendant, and we are unable to see why that of the plaintiff was preferred over the evidence of the defendant, intelligently corroborated as it was by the evidence of three disinterested witnesses who were in a situation to know the material facts, and who testified in regard to them fully and unequivocally. But some of the evidence was given in the presence of the court, and the judge who heard it was in a better position to estimate its full value than we are.

We do not find anything in the record to justify us in departing from the well established practice of this court not to reverse a judgment on the facts when the findings of the trial court have evidence sufficient to support them, notwithstanding they may seem to us to be contrary to its preponderance.

The defendant introduced evidence to show that the plaintiffs had a secret agreement with Bailey, one of the purchasers, to divide with him the commissions that they were to receive from Chase for making the sale to Bailey and his associate. We are unable to see how Chase was injuriously affected by that agreement, nor why it should be treated as cause for the reversal of the judgment on the objection made to it, which is as follows:

"7. The court erred in rendering judgment for the plaintiffs, because the undisputed evidence was that they had entered into a fraudulent agreement to divide their commissions with George C. Bailey, one of the persons to whom they were trying to sell defendant's land, and which plaintiffs and said Bailey fraudulently concealed from said defendant and Pendleton and Park, the other proposed purchasers of defendant's said property, and which fraud worked a revocation of the plaintiffs' agency and deprived them of any right to any commissions, or at most only to one-half of the 5 per cent."

The judgment is affirmed.

*Affirmed.*