(8 Misc. Rep. 356.)

### MORGENSTERN v. HILL.

(Superior Court of Buffalo, General Term. May 3, 1894.)

FACTORS AND BROKERS—COMMISSIONS—PURCHASE BY BROKER.

An agreement by a real-estate agent to divide commissions on the sale of certain property, if plaintiff should find a purchaser, does not entitle plaintiff to a share of the commissions where he and a third person purchased the property.

Appeal from trial term.

Action by Jacob Morgenstern against Charles B. Hill. From a judgment in favor of plaintiff for $837.86, entered on a verdict of a jury, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before HATCH and WHITE, JJ.

Simon Fleischmann, for appellant.
M. Fillmore Brown, for respondent.

WHITE, J. The defendant was interested in two farms in the vicinity of the city of Buffalo, as agent for the owners, from some time in 1888 until April 9, 1890. In 1888 the plaintiff secured from the defendant the right to purchase these farms by paying the sum of $400 for the privilege. He was unable to complete the purchase, and forfeited the $400. At about the time he lost the privilege of purchasing the farms, or soon thereafter, the defendant said to the plaintiff that if, at any time thereafter, he would secure a purchaser for these lands, the defendant would divide commissions with him. Thereafter, and in April, 1890, one Zink called upon the plaintiff to inquire concerning these lands; and it was thereupon agreed between them that, if the lands could be purchased at a figure which they should consider advantageous, they would purchase them on joint account, and take the title to Zink. The plaintiff and Zink then secured contracts for the purchase of the lands in the name of Zink, and immediately thereafter, by a written contract between themselves, defined the interest which each should have in the profits of the lands, when sold, and the proportions of the purchase money to be paid by each. The fact that the purchase was made on their joint account was known to the defendant, and he was invited to take an interest with them in the purchase. Such, in substance, are the facts, as the jury found them by their own verdict. Nothing was said about commissions at the time, or with special reference to the purchase by the plaintiff and Zink. The plaintiff's claim is that by this contract of sale he found a purchaser for these lands,

within the meaning of the promise made by the defendant to divide commissions with him if he did so. If the promise was made by the defendant, and it was acted upon by the plaintiff, the service rendered by him in securing a customer would be as effectual to establish the contract claimed as though it were evidenced by the most elaborate documentary proof. The real question upon this point in the case is whether or not an agent can claim commissions under a contract that he shall receive them from his principal on securing a purchaser for lands owned by the principal, where he (the agent) buys them himself. There can be no doubt that, if the agreement was made with the defendant as claimed by the plaintiff, it created the relation of principal and agent between them. There is no reason why an agent for the sale of lands, such as the defendant seems to have been, should not employ agents himself in and about the business of the agency; and such was the arrangement between him and Morgenstern, according to the evidence of the plaintiff himself. He does not claim to have been employed by either Johnson or Forman. Carroll v. Tucker, 2 Misc. Rep. 397, 21 N. Y. Supp. 952; 1 Am. & Eng. Enc. Law, 395; Lantry v. Sutton (Com. Pl. N. Y.) 5 N. Y. Supp. 14. It seems to be well settled as the law in this state that, where an agent for the sale of property enters upon negotiations for the purchase of it himself, he thereby terminates the agency as to those negotiations; and, if they result in a purchase by himself, he cannot without a special agreement to that effect claim pay for services in making the sale. In such a case the parties deal with each other as principals, and the former relation of principal and agent ceases to exist. Dobson v. Racey, 8 N. Y. 216. The two positions—that is, of agent and principal—are inconsistent with each other. In the one case the agent is bound to exercise his best skill and ability, and a high degree of fidelity and good faith, to secure for his principal the best price possible for the property to be sold. In the other, he is justified in using all means in his power, not unlawful, to secure the property at the lowest price possible. When an agent purchases from his principal for his own benefit, he is presumed to have resigned his agency. The policy of the law is to prohibit a person from attempting to fill the two positions at the same time; and the principle applies in all cases alike, and not merely in those cases where the agent has been guilty of fraudulent conduct. Parkist v. Alexander, 1 Johns. Ch. 394; Reed v. Warner, 5 Paige, 650; Cram v. Mitchell, 1 Sandf. Ch. 251; Dobson v. Racey, 8 N. Y. 216; McDonald v. Lord, 26 How. 404; Bain v. Brown, 56 N. Y. 285; Wilson v. Wilson, *43 N. Y. 413, 4 Abb. Dec. 621; Coal & Iron Co. v. Sherman, 30 Barb. 553; Taussig v. Hart, 58 N. Y. 425. When, therefore, the plaintiff negotiated for, and became the purchaser of, the lands in question, with Zink, the relation of principal and agent, which had theretofore existed between him and the defendant, was terminated, and those negotiations were conducted by them as principals. These views necessitate the conclusion that, as matter of law, the plaintiff is not entitled to recover anything of the defendant, under the

evidence in the case. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to abide the event.

HATCH, J., concurs.

HATCH, J. Giving plaintiff, as entitled, the most favorable view of the evidence, this recovery cannot be sustained. Some time in the year 1888, defendant stated to plaintiff that if he, at any time, brought him a purchaser for certain lands which defendant then had for sale as agent of other parties, he would divide commissions. In April of that year, plaintiff procured an optional contract of purchase of the lands, running 60 days, for which he paid $400, and forfeited the contract. About March 25, 1890, plaintiff states that one Zink made inquiry of him about land in the locality where this land lay, that he gave him information respecting the land, and was asked by Zink to see defendant, which he did, informed him that he had a customer for the land, obtained the price, and stated that he would bring the customer in. Having reported the information to Zink, and the latter inclining to a favorable view of the proposition, plaintiff took him to defendant, with the result that an agreement of purchase was reached, which was finally consummated and carried out. Thereafter, plaintiff demanded payment of commissions, which was refused. This statement is quite as strong as plaintiff's testimony, on his direct examination, made the case, and it is quite clear that, if this were all there was of the transaction, he made out a case authorizing the jury to award one-half commissions, even though nothing further had been said, beyond the general conversation respecting them. But his further examination, and that of other undisputed testimony in the case, established that during the negotiations, and before any contract of sale was made, either verbal or written, plaintiff, by agreement with Zink, became a part purchaser of the premises, and offered inducements to defendant to join them therein, which was declined. The contracts of sale were taken in the name of Zink, and on the same day a contract was drawn, and executed by the latter and plaintiff, referring to the contracts, and specifying plaintiff's obligation with respect thereto, and his interest therein. The case, as thus made, presented plaintiff in the attitude of a purchaser for the benefit of himself and Zink; and, as such, defendant dealt with them as agent of his principals. Nothing was said about commissions in connection with this sale. The position of purchaser was therefore inconsistent with any agency created by the general conversation had two years prior thereto, and could create no liability against defendant, in the absence of a clear understanding by the parties of the dual relation which plaintiff now claims existed. When plaintiff appeared as purchaser, he occupied an entirely different attitude from that of agent for defendant. He then acted for himself; and, without an express agreement that he should receive commissions for such sale, he could not recover them. It would be quite too loose a construction of the evidence and circumstances attending the transaction to hold

that the original statement to divide commissions was within the contemplation and understanding of the parties when the new contract was made. There was an entire change. They occupied different relations, and were under different obligations. Plaintiff could not be both purchaser and agent, for such position would violate the fiduciary relation which agency creates. Dutton v. Willner, 52 N. Y. 318, 319. Cases relied upon by plaintiff are inapplicable to the undisputed facts presented. It is quite true that an agent has been permitted to recover where he acted for both parties; and an agreement between brokers to divide commissions, both acting for different parties to the transaction, has been upheld. Such are Jarvis v. Schaefer, 105 N. Y. 289, 11 N. E. 634; Dearing v. Sears (Sup.) 3 N. Y. Supp. 31. But in each case all of the parties, both principals and agents, dealt with respect to a full disclosure of all the facts, and were held bound thereby. It is true that defendant understood that plaintiff was purchasing for himself and another; but it is also true that no mention was made of commissions, according to plaintiff's evidence, and they were expressly reserved to defendant, according to his testimony. Whatever be the fact in that regard, it is fatal to plaintiff's claim; for, giving him the benefit of his version, there was no agreement expressed at the time by the parties that commissions were to be divided. The motion for a dismissal of the complaint should have been granted. The judgment and order appealed from are therefore reversed, and a new trial ordered; costs to abide event.

WHITE, J., concurs.