## SCARBOROUGH v. PAYNE et al.

No. 11641.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 27, 1946.

Rehearing Denied Jan. 8, 1947.

Mueller & Mueller and J. Daffan Caldwell, all of San Antonio, for appellant.

Moursund, Ball, Moursund & Bergstrom, of San Antonio, for appellees.

SMITH, Chief Justice.

This action was brought by appellant, Scarborough, against appellees, Eleanor C. Payne and her husband, J. B. Payne, to recover a broker's commission admittedly earned by Scarborough in procuring for Mrs. Payne a contract for the sale of a residence owned by her and situated in San Antonio, Texas. In a trial to the court without a jury judgment was rendered denying any recovery to Scarborough, who has appealed. The trial judge supported his judgment by full findings of fact and conclusions of law.

It is conceded that the residence involved constituted the homestead of Mrs. Payne and her husband and that it was a part of the separate estate of Mrs. Payne. Scarborough had notice of these facts when he entered into the contract sought to be enforced in this action.

It is conceded that Mrs. Payne in a listing agreement executed by her husband and herself gave Scarborough an exclusive listing of the property for sale at the price of $22,500; that Scarborough procured a purchaser ready, able and willing to pay this price in cash for the property, and that the proposed purchaser and Mrs. Payne

and her husband executed an earnest money contract for the sale and purchase of the property at the price listed. But it is further conceded that after the deal was agreed to by all the parties and after the execution of the earnest money contract of sale and purchase, Mrs. Payne refused to proceed further in the transaction or to pay Scarborough any part of the agreed and earned commission. Scarborough then brought this suit for $1,125, conceded to be the amount he had earned in procuring the contract of purchase and sale. The trial court denied any recovery to Scarborough upon the conclusion of law that because the property involved was a part of the separate estate of Mrs. Payne and was the homestead of the latter and her husband, and no necessity was shown to exist for Eleanor C. Payne to sell the property, she could not be required to convey the property or pay any commission earned by appellant in procuring the purchaser therefor, notwithstanding it was clearly earned by appellant under a contract executed by appellant and appellees.

The case of Williams v. Doan, Tex.Civ. App., 209 S.W. 761, by the Galveston Court of Civil Appeals, is relied upon as authority for a reversal of the judgment.

The trial judge was of the opinion that the present case was distinguishable from the Doan case upon the facts as evidenced by his fifth conclusion of law, which reads as follows: "That defendant, Eleanor C. Payne, being a married woman at the time of the execution of the said brockerage contract, and she having duly plead her coverture, is not liable to plaintiff for the brokerage fee for the reason that said real estate belonged to her separate estate and could be conveyed by her only by deed with the joinder of her husband and separately acknowledged before a Notary Public as provided by the laws of this State. That to permit a recovery by a broker on a brokerage contract for the sale of her separate real estate would in effect nullify the privilege of separate acknowledgment and would subject her to penalties and damages, coercive in nature, which would destroy the very purpose of the acknowledgment statute. The privilege of separate acknowl-edgment being guaranteed to a married woman by law, any contract which would subject her to penalties and damages by reason of her exercising such privilege would be unenforceable."

In the Doan case it was held that a married woman was liable for the payment of a real estate broker's commission upon an executed agreement whereunder the broker had procured a purchaser for the separate property of the wife. However, it also appeared that the wife had by proper deed consummated the transaction and conveyed the property to the purchaser. In this case the wife did not convey the property to the prospective purchaser procured by the appellant.

In Collett v. Harris, Tex.Civ.App., 229 S.W. 885, the Beaumont Court of Civil Appeals held that a married woman was not liable for damages upon the breach of an executory contract to convey land which was her separate property. From the report of the case, it appears that Harris, the plaintiff in the trial court, sought a recovery of $530 as damages for breach of the executory contract of sale, and an additional $100 as a real estate broker's commission. The opinion seemingly deals primarily with the asserted right to damages against the married woman by reason of the breach of the executory contract of sale. Although a suit for a broker's commission is an entirely separate and different cause of action from a suit for the breach of an executory contract of sale, we find no separate discussion of the two causes of action in Collett v. Harris. Seemingly the two causes of action are treated as being of a similar nature. This view is strengthened by the criticisms of the Doan case contained in the opinion.

As we view the contract involved here, it has been fully performed on the part of the appellant. He has completed that which he agreed to do, namely, procure a purchaser, ready, willing and able to buy the property at the listed price. Mrs. Payne simply hired appellant to perform certain services for her with reference to her separate property. The services which she contracted for have been fully performed, regardless of whether or not Mrs. Payne

ever executes a conveyance of the property. It is true that the contract sued on here was made in contemplation of a sale of the property, but conceivably so might a contract to repair or paint a house, plant trees or shrubs be likewise made in contemplation of sale. Yet it would hardly be contended that under our present married women's statutes a wife would not be liable for the contract price agreed upon between her and a workman for painting a house owned by her as a part of her separate property.

On the other hand, the wife's executory contract of sale of her separate lands is governed by other or additional statutory enactments. This seems apparent from a mere reading of Article 4614, Vernon's Ann.Civ.Stats., Married Woman's Act of 1913, which is as follows: "All property of the wife, both real and personal, owned or claimed by her before marriage, and that acquired afterward by gift, devise, or descent, as also the increase of all lands thus acquired, shall be the separate property of the wife. The wife shall have the sole management, control, and disposition of her separate property, both real and personal; *provided however, the joinder of the husband in the manner now provided by law for conveyances of the separate real estate of the wife shall be necessary to the incumbrance or conveyance by the wife of her lands, and the joint signature of the husband and wife shall be necessary to a transfer of stocks and bonds belonging to her or of which she may be given control by this law.*" (Italics ours.)

■ In our opinion, the wife's employment of a real estate broker, with reference to her separate property, comes within the broad definition of power contained in that part of Article 4614 preceding the proviso and this power is not affected by the provisions of the latter part of the article.

Appellee has cited no statutory provision which prohibits a married woman from making a valid enforcible contract to pay a commission to a broker in consideration for his procuring a purchaser of her separate property.

■ The trial judge's fifth conclusion of law above set out is primarily based up-

on a "public policy" argument. However, subject to constitutional inhibitions, the matter of declaring the public policy of the state is essentially a legislative function. The Legislature has full authority to change the law and thus may depart from a theretofore established public policy. Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923. It may be, as the trial judge points out, that to allow a recovery upon a contract such as the one sued upon here would have the indirect effect of inducing a married woman to proceed with the consummation of a sale of her property. On the other hand, a legally irresponsible person is to a large extent a legally helpless person. If the wife's control over her separate property is to be effective it follows that with certain recognized exceptions she must be empowered to make contracts which are mutually enforcible. This, as we see it, is the underlying public policy of the Married Woman's Act of 1913, Art. 4614. With reference to the contractual powers conferred upon the wife by the Act of 1913, the Supreme Court, in Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S.W. 694, 696, said: "As clearly stated by Mr. Bishop: 'Every statute carries with it so much of collateral right and remedy as will make its provisions effectual; or, as Lord Coke expresses it, "when the law granteth anything to any one that also is granted without which the thing cannot be."' 2 Bishop on Law of Married Women, § 21. As incidents to the wife's power of exclusive management and control of her separate property and of the specified portions of the community, she became vested with all such contractual power relative to same, as is requisite to make her power effectual." See also Gohlman, Lester & Co. v. Whittle, 114 Tex. 548, 273 S.W. 808; Carter v. Mills, Tex.Civ.App., 9 S.W.2d 470.

In Williams v. Doan, supra [209 S.W. 762], it is unequivocally stated that, "A contract of the wife for the services of a broker to find a purchaser for her separate property is enforcible since the passage of the act of the Thirty-Third Legislature of 1913." We regard this as a correct statement of the law, and upon the proposition stated we do not understand that the Su-

preme Court in Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923, or any subsequent case has announced a contrary doctrine.

We are also of the opinion that J. B. Payne was personally liable, along with his wife, for the payment of the broker's commission. As above pointed out, appellant completed his part of the contract when he procured a person ready, willing and able to buy the property at the listed price. His right to the agreed compensation did not in any way depend upon the wife's executing a deed to the purchaser procured by the appellant. J. B. Payne signed the listing agreement in his individual capacity and was not merely a pro forma party thereto. Although it appears that he was willing to join his wife in a conveyance of her property had she been willing to execute the same, this does not relieve him of liability upon his contract, for, as stated by Judge Speer, in his work on Marital Rights in Texas, p. 245, § 182: "Under the statutes authorizing the wife to contract debts for all expenses which may have been incurred by her for the benefit of her separate estate, if the husband joined in such contract there could be no question of his liability. It is contractual." See, also, Smotridge v. Lovell, 35 Tex. 58; Foster v. Hackworth, Tex.Civ. App., 164 S.W.2d 796.

Under the terms of the contract of employment, appellees, J. B. Payne and Eleanor C. Payne, agreed to pay appellant the sum of $1,125, which was 5% of $22,-500, the listed price of the property. It appears that appellant had a side agreement with Mrs. Patti Jo Hamilton, the prospective purchaser of the property, that if she would buy the property at the listed price, appellant would pay her $500 out of his commission. Appellees, further proceeding upon the theory that appellant's contract is something similar to a suit for damages for breach of an executory contract of sale, contend that by reason of appellant's agreement with Mrs. Hamilton he can at most recover only $625, as that is what he would have made out of the transaction had appellees executed a deed to Mrs. Hamilton.

As has been heretofore stated, this is a suit by appellant for the recovery of an agreed compensation. Appellant duly performed the services enjoined upon him by the agreement and hence is entitled to compensation in the amount agreed upon by the parties. What appellant proposed to do or had obligated himself to do with the money he contemplated receiving is immaterial. The amount of his commission had been fixed by agreement of the parties. Appellees were not injured in any way by appellant's agreement with Mrs. Hamilton. As to them, it was neither fraudulent nor prejudicial. We therefore conclude that judgment should be rendered in appellant's favor for the amount of commission agreed upon by the parties. Chase v. Veal & Co., 83 Tex. 333, 18 S.W. 597; La Beaume v. Smith, Albin & Peay, Tex.Civ.App., 247 S.W. 623.

The judgment appealed from is reversed and judgment here rendered that appellant, Houston M. Scarborough, do have and recover of and from Eleanor C. Payne and J. B. Payne, jointly and severally, the sum of $1,125, together with interest thereon at the rate of six per cent per annum from April 2, 1946 (the date of the judgment rendered by the trial court), until paid. Costs in this Court and the court below taxed against appellees.