**Randolph D. McCALL, Appellant,**

v.

**Herman JOHNS et al., Appellees.**

No. 13040.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 26, 1956.

Rehearing Denied Oct. 24, 1956.

Robert H. Kern, Jr., McAllen, for appellant.

Ewers, Cox & Toothaker, McAllen, for appellees.

POPE, Justice.

Plaintiff, Randolph D. McCall, appealed from a judgment upon an instructed verdict. The suit concerns the validity of an oral agreement between McCall and the owner's agent, as controlled by the 1949 Real Estate Dealers License Act. Plaintiff first asserted an agreement between himself, as purchaser, and the owner's agent by which he would receive one-half of the real estate commission. That agreement was invalid. Alternatively he claimed that the owner's agent, to save the trade for the owner and to make the trade possible, agreed to share his commission with the purchaser as a reduction in the purchase price. Such an agreement is valid.

About 1951, the owner of a tract of land listed some Starr County lands with defendants, Herman Johns and C. C. Schwingel. The listing called for a purchase price of $100,000, with a down payment of at least $20,000. During 1951, plaintiff talked with Johns about helping effect a sale. Plaintiff, McCall, testified that Johns agreed to pay him one-half of the five per cent commission, if he, McCall, found a buyer or if he bought the property himself. During 1953, McCall decided to buy the property himself. He and Johns drove to San Antonio where they talked with the owner and McCall signed a contract with the owner by which he agreed to pay a total consideration of $76,000, with an original cash payment of $1,000, and $9,000 advance interest. McCall purchased the property in line with that agreement. The contract also provided that the owner would pay Johns a five per cent commission on the purchase price. Johns was a licensed real estate dealer but McCall was not. However, he was an attorney and claimed an exemption under the terms of the Real Estate Dealers Act. He was a farmer, in fact, and was not practicing law. We consider the fact that he was not practicing law immaterial to the decision of this case, because other factors are controlling.

An agreement to share a commission with the purchaser is not valid. Section 13, Article 6573a, Chapter 149, Acts of 51st Legislature, p. 312, and the law prior thereto, provided that no "'person or company engaged in the business of acting in the capacity of a real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in Section 2, Subdivision (a) hereof, without alleging and proving that such person or company was a duly licensed real estate dealer or salesman at the time the alleged cause of action arose.'" Plaintiff, McCall, was not so licensed, but as an attorney he claimed an express statutory exemption under Section 3(b) of the Act. Section 3(b) declares that the terms "'Real Estate Dealer'" and "'Real Estate Salesman,'" shall not include, among other persons and situations, "services rendered by an attorney at law". An attorney who renders services, under the Act is exempt and needs no license. Burchfield v. Markham, Tex. Civ.App., 267 S.W.2d 866. McCall did not act as an attorney who rendered services, but as a purchaser only. The contract spelled out that relationship with the owner. It stated the purchase price to McCall as purchaser. If McCall in purchasing the property under the contract with the owner was an attorney, who was his principal, what services were rendered by him as an attorney and for whom?

McCall as purchaser acted for himself, not the owner. Entitlement to a commission would be by reason of services of one who acted with a high degree of fidelity to secure for his principal the highest price possible. When McCall assumed the role of purchaser he was justified in his efforts to secure the property at the lowest price possible. Morgenstern v. Hill, 8 Misc. 356, 28 N.Y.S. 704. Hence the requirement that the attorney perform services is not met, for his services were performed for himself and not the ower. Armstrong v.

O'Brien, 83 Tex. 635, 19 S.W. 268; Ryan v. Kahler, Tex.Civ.App., 46 S.W. 71; Note 45 L.R.A. 33, 40; 8 Am.Jur., Brokers, § 91. When McCall assumed the role of purchaser, in law he resigned his status as agent and thereafter no longer performed services, as required by Sections 13 and 3 of the Real Estate Dealers Act. "No man can serve two masters." The agreement for a commission was invalid for other reasons which we do not consider necessary to the disposition of the case.

Alternatively, McCall pleaded that Johns and Schwingel orally agreed to "refund to him one-half (½) of the commissions received by them as a reduction in the purchase price thereof." That pleading is confused with the commission element, but there is no special exception, and McCall testified about and sufficiently proved the agreement to refund him the amount in order to make the trade to McCall as purchaser. On this alternative plea, McCall reasons that his very failure to perform services places him in the category of a purchaser only, and as such the agreement is not void. We shall examine McCall's status as a purchaser only. McCall testified that he and Johns, the agent, made an agreement. "Johns stated that if I * * * in some way managed to buy it myself, that he would give me what one-half of the commission, his real estate commission amounted to, to help me swing the deal." Subsequently, the agreement was repeated, at which time Johns assented, and Schwingel, his partner, stated "if that's what it takes to make a deal, then that's the deal." McCall, prima facie, proved an agreement. The contract between the owner and McCall as purchaser confirmed his status as purchaser. We come, therefore, to the question whether an agent and a purchaser can make a separate valid contract by which the agent is bound to refund a portion of his earnings to the purchaser.

Section 20 of the Act forbids a dealer or salesman from dividing commissions with unlicensed persons in consideration of services performed by such unlicensed persons. The objective of the section is to save the public from the services of unlicensed persons who perform functions of dealers or salesmen. Means v. Porter, Tex. Civ.App., 216 S.W.2d 269, 272, construes Section 20 in that manner. It declares that a court should sustain an instructed verdict upon proof that a purchaser and the owner's agent agreed to divide a commission as such. The Court went on to hold that the purchaser may make a valid agreement with the owner's agent "to collect the commission and refund one-half thereof to [the purchaser] as a reduction in the price of the land." This is because no services are performed by the purchaser. On this alternative plan, McCall urges that the very fact that he did not perform services, excuses him from the prohibitions of Section 20, and Means v. Porter so holds. Bell v. Stephenson, Tex.Civ.App., 187 S.W.2d 153.

A realtor's direct agreement with a purchaser to refund a part of the commission and reduce the purchase price, as distinguished from an agreement with an unlicensed dealer or salesman, or one which raises a conflict of duty, is valid. Such a contract involves a personal sacrifice on the part of the realtor which is intended to advance the interests of the principal. Armstrong v. O'Brien, 83 Tex. 635, 649, 19 S.W. 268; Chase v. Veal, 83 Tex. 333, 18 S.W. 597; Scarborough v. Payne, Tex. Civ.App., 198 S.W.2d 917; Porizky v. Olinger, Tex.Civ.App., 177 S.W.2d 995; Peters v. Lerew, Tex.Civ.App., 139 S.W.2d 321; La Beaume v. Smith, Albin & Peay, Tex. Civ.App., 247 S.W. 623; Christian v. Dunavent, Tex.Civ.App., 232 S.W. 875; 12 C. J.S., Brokers, § 72.

The judgment is reversed and the cause remanded for the determination of fact issues.