303 So.2d 401 (1974)
Stanley J. KLINE et al., Appellants,
v.
PYMS SUCHMAN REAL ESTATE COMPANY, a Florida Corporation, Appellee.
Stanley J. KLINE et al., Appellants,
v.
Irwin E. KOTT, Appellee.
Nos. 73-1515, 74-332.
District Court of Appeal of Florida, Third District.
November 19, 1974.
Rehearing Denied December 11, 1974.
*402 McCormick, Bedford & Backmeyer, Miami, for appellants.
Pallot, Stern, Proby & Adkins, Bolles, Goodwin, Ryskamp & Welcher, Jepeway, Gassen & Jepeway, Kovner, Mannheimer, Greenfield & Cutler, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
These appeals, which arose out of the same litigation, were prosecuted separately but may properly be considered together. Each appeal is from a summary final judgment for the plaintiffs, counter-defendants in an action for a real estate broker's commission. The appellants, who were some of the defendants, are Stanley J. Kline, Charlotte Kline and E.B. Kline. They will be referred to as the Klines. The appellees are Irwin E. Kott and Pyms-Suchman Real Estate Company.
The appellees are seeking real estate broker's commissions. The appellants are defending upon a claim that the brokers are not entitled to commissions because of their failure to disclose appellee Pym's interest as a purchaser and because of the broker's misrepresentations as to the true value of the land involved.
The dispute between appellant-sellers and appellee-purchasers arose out of an abortive buy-sell real estate transaction. The claims for commission were consolidated in the trial court with an action for specific performance brought by the purchasers. The case culminated in a judgment for specific performance and that judgment was affirmed upon appeal. See Kline v. Devcon Realty Corp., Fla.App. 1973, 285 So.2d 641.
Sometime prior to September 19, 1972, the appellants (Stanley J. Kline, Charlotte Kline, and E.B. Kline), the Slewetts, the Danskys and the Kotts, being all of the owners of the property, authorized Irwin E. Kott (one of the owners and a real estate broker) to find a buyer for the property at a price of two million dollars in return for a $200,000 commission. Kott, on behalf of all of the owners of the property, then approached Jack Pyms to find a purchaser for the property at the two million dollar price in return for half that commission. Pyms then discussed the offer with Clifford Suchman, his partner in the appellee brokerage company, Pyms-Suchman Real Estate Company. They procured Jemco Mastercraft Homes, Inc., a corporation in which Messrs. Pyms and Suchman owned fifty percent (50%) of the capital stock, to accept the offer made by Kott to *403 sell the property for two million dollars. All of the discussions relative to the sale of the property to Jemco were had through Kott, the spokesman for the selling group.
All of the owners of the property, including the appellants, then signed the written contract to sell the property to Jemco for two million dollars. The appellants, even though they signed the contract, had "always felt that the land was worth more." Despite the appellants' belief that the property was worth more than the two million dollar price set on it by the appellants and the other owners, the appellants did not cause an appraisal to be made on the property until after suit was filed.
Throughout the transaction, the purchasers had no conversations or meetings with any of the sellers, as all conversations up through the date of closing were with sellers' agent, Kott. At all times, Kott was aware of the fact that Jack Pyms and Clifford Suchman were principals in Jemco. There were never any negotiations over the price, as Jemco purchased it for the sellers' asking price of two million dollars.
Kott owned a one-ninth interest in the property. As a broker and representative of the other purported sellers, including appellants, Kott had presented the offer of sale and arranged a purchase through Pyms-Suchman. There followed a series of assignments of the contract, with Devcon Realty Corp. and SOJ Realty Corp., as trustees, ultimately acquiring the interest in the contract. Jack Pyms and Clifford Suchman are the principals of appellee, Pyms-Suchman Real Estate Company, and together they also owned fifty percent of the stock of Jemco, the original buyer, and SOJ Realty Corp., one of the ultimate assignees.
The contract provided that the brokers were to receive a two hundred thousand dollar ($200,000.00) commission from the sale, and Pyms and Kott agreed to participate equally in that commission.
Appellants-Kline refused to deliver their deed conveying their interest in the property to the purchasers. Thereafter, Devcon and SOJ commenced the action for specific performance mentioned above. The appellants answered the complaint and affirmatively defended on the basis that there existed a conspiracy between Kott, Pyms and Suchman for the purpose of defrauding appellants and to effect a sale of the property at a price less than its fair value. The appellants alleged that Kott, as well as Pyms, knew that the land in question was worth in excess of $4,000,000.00 when the deposit receipt was executed. They further alleged that Kott was acting as a real estate broker and had breached his fiduciary duty owed to the appellants as their broker. It was specifically alleged that Kott failed to make a full disclosure to the appellants prior to the signing of the contract of sale as to the identity of the buyers and as to the fair value of the land. Kott filed in the court below a crossclaim against the appellants claiming his share of the real estate commission, and the appellants filed a counter-crossclaim against Kott claiming the alleged breach of fidicuary duty set forth above. The trial court entered a summary final judgment in favor of Kott granting him judgment in the sum of approximately $67,000.00 and dismissing with prejudice the counter-crossclaim filed by the appellants against Kott.
During the pendency of the action for specific performance, Pyms brought an action for his share of the brokerage commission claiming $100,000.00. Appellant answered this complaint raising basically the same affirmative defenses, regarding breach of fiduciary duties described above. The trial court entered summary final judgment for Pyms granting him judgment in the sum of $100,000.00.
Appeals from these summary judgments are now before us. Since the judgments appealed are adverse summary final judgments, the appellants are entitled to *404 have the record viewed in the light most favorable to them, with all reasonable inferences of fact and intendments of testimony being drawn in their behalf. Visingardi v. Tirone, Fla. 1966, 193 So.2d 601; Holl v. Talcott, Fla. 1966, 191 So.2d 40.
The movant for summary judgment has a burden of showing conclusively the non-existence of a genuine issue of material fact. Where the existence of such an issue appears in the record, the cause must be referred for a proper determination of questions of fact and credibility. Williams v. Caterpillar Tractor Co., Fla.App. 1963, 149 So.2d 898; Williams v. Florida Realty & Management Co., Fla. App. 1973, 272 So.2d 176.
The appellants urge the existence of genuine issues of material fact in each case. Specifically, they urge that the trial court ought not have determined (1) whether a proper disclosure was made to appellants of Pyms' interest in the purchaser and (2) whether appellants breach a fiduciary duty in failing to advise of a known discrepancy between the listing price and the true market value. The appellees urge that the trial court did not err in determining that there were no genuine issues because the record shows the undisputed facts that the agent for the sellers (Kott) had full knowledge of Pyms' interest in the purchaser and that there was a firm determination by the sellers to sell for the listed price. We hold that genuine issues of material fact do appear on this record, and disclosure to, or knowledge of, the part owner and cooperating broker, Kott, was not sufficient conclusively to resolve these issues for the appellees. We also hold that it does not appear without issue of fact that the brokers had no duty to inform the sellers of the alleged inadequacy in selling price, if such was known to them.
We think that with reference to the right of Pyms and Kott to a real estate commission, they must be viewed as one unit. That is to say that Kott, who is a qualified real estate broker, and Pyms who is also a qualified real estate broker, must be viewed as dealing on a cooperating basis with one another and not as involved in an agency relationship. See Morgenstern v. Hill, 8 Misc. 356, 28 N.Y.S. 704 (1894). But even in a somewhat similar case, where an agent/sub-agent relationship was considered, the Supreme Court of Georgia pointed out that a sub-agent's duties and obligations to the principal are of the same nature and extent as those of the agent. Dolvin Realty Co. v. Holley, 203 Ga. 618, 48 S.E.2d 109 (1948). See also Rayden Engineering Corporation v. Church, 337 Mass. 652, 151 N.E.2d 57 (1957).
The Supreme Court of Florida has set forth the high standard of conduct demanded of a real estate broker in his relation to his principal. Ahern v. Florida Real Estate Commission, 149 Fla. 706, 6 So.2d 857 (1942). Under this fiduciary relationship a broker can neither acquire an interest, nor make a profit, in a transaction in which he is employed unless his principal knows and gives his consent. A broker has imposed upon him during the period of such relationship with his principal the legal obligation to inform him with fairness, promptness and completeness concerning all facts within his knowledge which are, or may be, material to the situation in connection with his employment. Chisman v. Moylan, Fla.App. 1958, 105 So.2d 186.
Depositions were taken of some thirteen witnesses. The depositions do not refute, but affirm, the Klines' allegations that they were never informed by Kott, Pyms, Suchman or anyone else that the broker, Pyms-Suchman, had an interest in the purchase. There remains for determination the issue of whether the brokers have been guilty of a breach of their duty in this regard.
It is clear that the depositions do not show any discussion of the purchase price. Appellants' allegation is that there was actual concealment from them of the material fact that the property was worth *405 twice its listed price. This allegation may be difficult to prove but it does not affirmatively appear from this record that it cannot be proved. A summary judgment is not authorized under such circumstances. Williams v. Caterpillar Tractor Co., Fla. App. 1963, 149 So.2d 898. Even though the listing was for a firm price, this fact alone does not obviate the real estate broker's duty to inform his principal of any material fact or circumstance that might influence the conduct of the transaction. Any concealment of material facts known to the broker will forfeit his right to compensation for his services. Carter v. Owens, 58 Fla. 204, 50 So. 641 (1909); Hershey v. Keyes Company, Fla.App. 1968, 209 So.2d 240. There remains for determination the issue of whether the brokers have breached their duty by concealing from the owners the brokers' knowledge that the true value of the property far exceeded the listed price.
The summary final judgments appealed from are reversed.
Reversed.