PER CURIAM.
By these consolidated appeals, Lorraine W. Brown, as administratrix, C.T.A. of the estate of Andrew G. Brown, respondent in the trial court, seeks review of an adverse summary final judgment and order denying motion for leave to file amended answer.
The essential facts are that after the will of Andrew G. Brown was admitted to probate, Elizabeth Hanger filed a petition for transfer of personal property alleging that between 1968 and 1971, Dr. Brown had given her stock securities as a gift inter vivos or a gift causa mortis. She sought an order which would satisfy the transfer agents’ requirements pursuant to the rules of the Securities and Exchange Commission. Brown filed an answer and affirmative defenses denying that the stock certificates were given to Hanger as a gift. Hanger moved for summary judgment which the court granted, finding that Hanger was the recipient of a valid gift of the stock certificates. Final judgment was entered in which the court declared Hanger to be the owner of the stock, and authorized the transfer of the shares to her.
Brown primarily contends that the court erred in entering summary judgment because Hanger failed to carry the burden of establishing the absence of a genuine issue of material fact in that there is conflicting evidence concerning the validity of Dr. Brown’s signature; and the evidence fails to establish either a gift inter vivos or a gift causa mortis. We agree and reverse on the authority of Kline v. Pyms Suchman Real Estate Company, 303 So.2d 401 (Fla. 3d DCA 1974); DeMaggio v. Brasserie Restaurant, 320 So.2d 49 (Fla. 3d DCA 1975). See also 13 Fla.Jur., Evidence, Section 319, which recites with approval the admissibility of the nonexpert opinion of the widow as to the authenticity of her deceased husband’s signature.
Reversed and remanded.