PER CURIAM.
This is an appeal of a non-jury trial judgment in favor of appellant, Hopkins-Easton & Associates, Inc.
The appellee property owner gave the appellant broker an exclusive right to sell certain real property at a price of $3,850,-000.00. This listing agreement called for 6% commission. The broker produced a buyer who signed a contract with the owner calling for a purchase price of $3,800,-000.00 with a $150,000.00 deposit. In the event of default by the buyer, one-half of the deposit was to be retained by the owner and one-half was to be awarded to the broker. This contract went into default and the owner retained the entire $150,-000.00. Subsequently the owner told the broker to find another buyer. The broker then produced a contract with the purchase price of $3,600,000.00 calling for a 6% commission and this contract ultimately closed and title was transferred. At no time prior to the signing of this second agreement did the broker inform the owner that it was going to claim one-half of the deposit posted under the defaulted first contract, and the owner had unilaterally determined not to account to the broker for one-half of the deposit. After the signing of the second agreement the broker demanded not only 6% under the second purchase and sale but also one-half of the deposit on the first agreement. The broker received 6% on the second sale price upon closing, but did not receive one-half of the deposit posted by the original agreement. The broker instituted suit to collect one-half the original deposit. After final hearing the trial judge awarded the broker $9,000.00 as additional compensation, being 6% of the $150,000.00 retained by the seller under the first agreement. The broker appeals contending that its entitled to the full one-half of the $150,-000.00 deposit, or $75,000.00.
A broker is a fiduciary for the seller of real property and is required to reveal all information material to a prospective purchase and sale. Klien v. Pyms Suchman Real Estate, 303 So.2d 401 (Fla. 3d DCA 1974). Therefore the broker would ordinarily be estopped to later claim one-half of the original deposit because of his failure to disclose his claim at the time he presented the second contract calling for a lesser price to the seller. However, in the instant case we hold that because the owner had already determined not to account to the broker for one-half of the default deposit, the breach of the fiduciary duty in failing to disclose the claim did not affect the determination of the seller to retain all the defaulted deposit or to sign the second purchase and sale agreement. There was no reliance or change of position brought about by the broker’s silence, the seller already having determined to retain all of the original deposit.
We therefore reverse the damage award in the final judgment and return the matter with directions to the trial court to increase the award to $75,000.00 plus interest from the date the broker was entitled to one-half of the defaulted deposit.
Reversed and remanded with directions.