

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 13, 1996

Mr. James R. Wilson
Director
Texas Department of Public Safety
P.O. Box 4087
Austin, Texas 78773-0001

Opinion No. DM-400

Re: Whether a parent or guardian who teaches a driver education course under section 7A of article 6687b, V.T.C.S., must be licensed under article 4413(29c), V.T.C.S., and related questions   (RQ-866)

Dear Mr. Wilson:

On behalf of the Texas Department of Public Safety ("department") you ask several questions about Senate Bill 964 of the Seventy-fourth Legislature, which regulates the teaching of driver education. Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 1, 1995 Tex. Sess. Law Serv. 5047. You first ask whether a parent or legal guardian who teaches a driver education course approved by the Department of Public Safety under section 7A of article 6687b, V.T.C.S.,[1] must be licensed as a commercial driver training school and otherwise meet the requirements of V.T.C.S. article 4413(29c), section 10. Section 7A, adopted by Senate Bill 964, provides as follows:

> (a) The Department by rule shall provide for approval of a driver training course given by the parent or legal guardian of a person who is required to complete successfully a driver training course to obtain a Class C license. The rules must provide that:
>
> (1) the parent or guardian be a licensed driver;
>
> (2) the student driver spend a minimum number of hours in:
>
> (A) classroom instruction; and
>
> (B) behind-the-wheel instruction;

---

[1]The Seventy-fourth Legislature repealed article 6687b, V.T.C.S., and reenacted its provisions in chapter 521 of the Transportation Code, as part of the ongoing revision of the state's general statutes without substantive change. Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 1, 24, 1995 Tex. Sess. Law Serv. 1025, 1870. The repeal of article 6687b, V.T.C.S., by the Transportation Code does not affect amendments to article 6687b by the Seventy-fourth Legislature. Gov't Code § 311.031. The amendments are preserved and given effect as part of the code provision that revised the amended statute. In this opinion, we will refer to the provision you inquire about as section 7A of former article 6687b, V.T.C.S.

(3) the parent or guardian not be convicted of:

(A) criminally negligent homicide; or

(B) driving while intoxicated; and

(4) the parent or guardian not be disabled because of mental illness.

(b) The Department may not approve a course unless it determines that the course materials are at least equal to those required in a course approved by the Central Education Agency, except that the Department may not require that:

(1) the classroom instruction be provided in a room having particular characteristics or equipment; or

(2) the vehicle used for the behind-the-wheel instruction have equipment other than the equipment otherwise required by law for operation of the vehicle on a highway while the vehicle is not being used for driver training.

(c) The rules must provide a method by which:

(1) approval of a course is obtained; and

(2) an applicant submits proof of completion of the course.

(d) Completion of a driver training course approved under this section has the same effect under this Act as completion of a driver training course approved by the Central Education Agency.[2]

Act of May 29, 1995, R.S., ch. 1010, § 30, 1995 Tex. Sess. Law Serv. 5047, 5064.

Persons who must successfully complete a driver training course to obtain a class C license are described in the following provision:

(a) The Department may license a person as a Class C driver who is under the age of eighteen (18) years, provided the person:

(1) is sixteen (16) years of age or older

(2) has submitted to the Department a driver education certificate provided for by Section 9A, Texas Driver and Traffic Safety Education Act (Article 4413(29c), Vernon's Texas Civil

---

[2]A reference in law to the Central Education Agency means the Texas Education Agency. Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 80, 1995 Tex. Sess. Law Serv. 2207, 2504.

Statutes), indicating that the person has completed and passed a driver education course approved by the Department under Section 7A of this Act or by the Central Education Agency;[3]

(3) has obtained a high school diploma or its equivalent or is a student enrolled in a public, home, or private school who attended school for at least 80 days in the fall or spring semester preceding the date of application, or has been enrolled for at least 45 days, and is currently enrolled, in a program to prepare persons to pass the high school equivalency exam; and

(4) has passed the examination required by Section 10 of this Act.[4]

Act of May 29, 1995, R.S., 1009, § 25(a)(2), 1995 Tex. Sess. Law Serv. 5047, 5061-62 (amending section 7 of article 6687b, V.T.C.S., now codified as section 521.204 of the Transportation Code).[5]

Article 4413(29c), V.T.C.S., requires the Texas Education Agency to license and regulate driver training schools and driver training instructors. V.T.C.S. art. 4413(29c), § 2. Section 10 of article 4413(29c) provides that "[a] person may not operate a driver training school unless a driver training school license for the school has been secured." The term "driver training school" in section 10 includes "driver education school" and "driving safety school" as defined in section 3 of article 4413(29c), V.T.C.S. *Id.* § 3(4), (5), (7), (18), (21). A "driver education school" is defined as

an enterprise that maintains a place of business or solicits business in this state, that is operated by an individual, association, partnership, or corporation for the education and training of persons at a primary or branch location . . . .

*Id.* § 3(18). A "driving safety school" is defined in similar terms. *Id.* § 3(21). Section 13 of article 4413(29c) states the criteria that a driver education school must meet to be licensed by the Texas Education Agency. A "driver training course" given pursuant to

---

[3]*See* note 2.

[4]Section 10 of article 6687b, V.T.C.S. has been recodified as Transportation Code sections 521.161 and 521.163 through .166. *See* note 1. Section 521.161 of the Transportation Code requires the Department of Public Safety to examine each applicant for a driver's license. Transp. Code § 521.161(a). The examination must include a test of the applicant's vision, ability to identify and understand highway signs, and knowledge of the traffic laws of the state; a demonstration of the individual's ability to operate the motor vehicle, and any additional examination the department finds necessary to determine the applicant's fitness to operate a motor vehicle safely. *Id.* § 521.161(b).

[5]*See* note 1.

section 7A of article 6687b, V.T.C.S., by the parent or legal guardian to a child or ward does not fit the above definition of "driver education school." Some of the requirements that a driver education school must meet to secure a license would be irrelevant to "a driver training course" given by a parent or legal guardian. For example, a driver education school must have "adequate . . . instructors to provide training of good quality," V.T.C.S. art. 4413(29c), § 13(a)(2), provide "a copy of the schedule of tuition, fees, refund policy, and other charges, id. § 13(a)(4), and be "financially sound and capable of fulfilling its commitments for training," id. § 13(a)(8). A parent or legal guardian who teaches a "driver training course" approved by the Department of Public Safety under section 7A of article 6687b, V.T.C.S., is not required to be licensed as a commercial driver training school and otherwise meet the requirements of section 10, article 4413(29c), V.T.C.S. Of course, the "driver training course" taught by a parent or legal guardian must meet the requirements set out in section 7A in order to be approved by the department.

You next ask whether the parent or legal guardian who teaches such a driver training course must be involved in "home school" instruction of the person to be taught.[6] This question arises because of remarks by Representative Horn, who proposed the amendment to Senate Bill 964 that added section 7A.[7] Senate Bill 964 was introduced as a comprehensive bill to reform and overhaul driver safety and education. Representative Horn stated that his amendment "allows for home schoolers to be able to have their parents teach them or to attend their public school that offers this course."[8] He did not say that his amendment would allow only home-schooled children to be taught to drive by their parent or guardian, but information submitted to us in connection with this opinion request indicates that the amendment was understood to apply only to home-schooled children.

Nothing in the wording of section 7A limits its effect to the parent or legal guardian of a home-schooled child. It applies to "the parent or legal guardian of a person who is required to complete successfully a driver training course to obtain a class C

---

[6]The Texas Supreme Court has held that a home school can be a private school within the statutory exception to the compulsory attendance law, so long as children are taught in a bona fide manner from curriculum designed to meet basic education goals. *Texas Education Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994); *see* Educ. Code § 25.086(a) (exempting a child from requirements of compulsory school attendance if the child attends a private or parochial school that includes in its course a study of good citizenship).

[7]Representative Horn proposed a floor amendment to Senate Bill 964 consisting of section 7A of article 6687b, V.T.C.S., and conforming amendments to other sections of the bill. The proposed amendment was adopted by the House of Representatives without objection. H.J. of Tex., 74th Leg., at 3064-65 (1995).

[8]Debate on S.B. 964 on the Floor of the House, 74th Leg., R.S. (May 19, 1995) (tape available from the House Video/Audio Services Office).

license." Act of May 29, 1995, R.S., ch. 1009, § 30, 1995 Tex. Sess. Law Serv. 5047, 5064. Any person who is at least sixteen years of age but under the age of eighteen must submit a certificate indicating successful completion of a driver education course to obtain a class C driver's license. *See* Transp. Code § 521.204 *as amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 25(2), 1995 Tex. Sess. Law Serv. 5061-62. The language of section 7A includes the parents or guardians of all such persons.

If the language of a statute is unambiguous, the intent of the legislature must be sought in the plain and common meaning of the words and terms used. *Sorokolit v. Rhodes*, 889 S.W.2d 239 (Tex. 1994). When interpreting a statute, a court seeks to effectuate the "collective" intent or purpose of the legislators who enacted the legislation. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). To accomplish this, it necessarily focuses its attention on the literal text of the statute, "because the text of the statute *is the law* in the sense that it is the only thing actually adopted by the legislators, probably through compromise." *Id.* (emphasis in original).[9] If the meaning of the provision should have been plain to the legislators who voted on it, the courts ordinarily give effect to that plain meaning. *Id.* Although section 311.023 of the Government Code authorizes the courts to consider legislative history, whether or not the statute is ambiguous on its face, when the statute is not ambiguous, the courts should not rely on that authority to change the provisions of the statute. *Id.* at 789, n.4. Accordingly, giving effect to the plain language of section 7A, we conclude that it does not require the parent or legal guardian who teaches a driver training course to be involved in "home school" instruction of the person to be taught.[10]

You next ask whether the Texas Education Agency may provide to the Department of Public Safety the certificates of course completion for those persons who have successfully completed courses under section 7A of article 6687b. Section 9A of article 4413(29c), enacted by Senate Bill 964, provides in part:

> The agency shall print and supply to licensed and exempt driver education schools serially numbered driver education certificates to be used for certifying completion of an approved driver education course for the purposes of Section 7(a), Chapter 173, Acts of the 47th Legislature, Regular Session, 1941 (Article 6687b, Vernon's

---

[9]The conference committee appointed to adjust the differences between the Senate and the House of Representatives on Senate Bill 964 approved the adoption of section 7A. Bill File, S.B. 964, 74th Leg., R.S. (1995) (filed in Legislative Reference Library).

[10]We have received a number of letters from members of the public who raise serious questions about the wisdom of section 7A. Subject to constitutional limitations, the legislature has power to declare the public policy of the state. *Scarborough v. Payne*, 198 S.W.2d 917 (Tex. Civ. App.--San Antonio 1947, writ ref'd); *see McCain v. Yost*, 284 S.W.2d 898 (Tex. 1955); *McGregor v. Clawson*, 506 S.W.2d 922 (Tex. Civ. App.--Waco 1974, no writ). Arguments about changing the policy reflected in section 7A should be addressed to the legislature.

> Texas Civil Statutes) [now codified as section 521.204 of the Transportation Code].

*Id.* § 9A (adopted by Act of May 29, 1995, 74th Leg., R.S., ch. 1009 § 9, 1995 Tex. Sess. Law Serv. 5050). Former section 7(a) of article 6687b, V.T.C.S., was amended by Senate Bill 964 to provide as follows:

> (a) The Department may license a person as a Class C driver who is under the age of eighteen (18) years, provided the person:
>
> > (1) is sixteen (16) years of age or older;
>
> > (2) has submitted to the Department a driver education certificate provided for by Section 9A, Texas Driver and Traffic Safety Education Act (Article 4413(29c), Vernons Texas Civil Statutes), indicating that the person has completed and passed a driver education course approved by the Department under Section 7A of this Act or by the Central Education Agency;[11] . . . [has obtained high school diploma or is enrolled in program to obtain it and has passed examination required by driver's license law].

Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 25(2), 1995 Tex. Sess. Law Serv. 5047, 5061-62 (amending section 7 of article 6687b, V.T.C.S., now codified as section 521.204 of the Transportation Code). Former section 7(a) of article 6687b, V.T.C.S, as amended by Senate Bill 964, shows that the legislature intended a person to receive a driver education certificate provided for by section 9A of article 4413(29c), V.T.C.S., if the person has completed and passed a driver education course approved by the department under section 7A. Moreover, section 7A(d) provides that completion of a driver training course approved under that section "has the same effect . . . as completion of a driver training course approved" by the Texas Education Agency. Section 9A must be read in harmony with the other provisions of Senate Bill 964. *Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978); *Black v. American Bankers Ins. Co.*, 478 S.W.2d 434 (Tex. 1972). Senate Bill 964 contemplates that certificates of course completion will be made available to persons who have successfully completed courses under section 7A of article 6687b, V.T.C.S. Act of May 29, 1995, 74th Leg., R.S., ch. 1009, § 30, 1995 Tex. Sess. Law Serv. 5047, 5064. Some cooperation between Texas Education Agency and the department will be necessary to carry out this legislative purpose. We believe that the Texas Education Agency may provide to the Department of Public Safety the certificates of course completion for those persons who have successfully completed courses under section 7A of article 6687b.

---

[11] *See* note 2.

You finally ask whether the department may, by rule, set out the minimum course curriculum elements required for approval of a course of driver education by a parent or legal guardian under section 7A of article 6687b. In our opinion, section 7A authorizes the department to adopt a rule stating the minimum course curriculum elements required of a driver training course under section 7A.

Section 7A(a) provides that the department "by rule shall provide for approval of a driver training course given by the parent or legal guardian," setting out certain provisions that the rules must include, and section 7A(c) requires the department's rules to provide a method by which approval of a course is obtained. Section 7A(b) states that the department "may not approve a course unless it determines that the course materials are at least equal to those required in a course approved by the . . . [Texas] Education Agency," stating certain provisions that the rules may not include. To implement section 7A(b), the department must be able to identify the minimum course materials that meet the statutory standard, and we believe that it may adopt a rule listing and/or describing these materials. Accordingly, the department's rule-making authority under section 7A authorizes it to adopt a rule setting out the minimum course curriculum elements required for approval of a course of driver education by a parent or legal guardian pursuant to that section. The department's rules must be consistent with the express provisions of section 7A. A parent or legal guardian will not be authorized to teach a driver education course to a child until the department's rules are in place and the department has approved the particular course to be given by the parent or guardian.

## S U M M A R Y

The Seventy-fourth Legislature enacted Senate Bill 964, which added section 7A to former article 6687b, V.T.C.S., now codified as Transportation Code, chapter 521. Section 7A requires the Department of Public Safety to provide by rule "for approval of a driver training course given by the parent or legal guardian" of a person who must complete a driver training course to obtain a class C license. The parent or legal guardian who teachers such a driver training course is not required to be licensed as a commercial driver training school pursuant to article 4413(29c), V.T.C.S., nor must the parent or legal guardian be involved in the "home school" instruction of the person to be taught a driver training course. The Texas Education Agency may provide to the Department of Public Safety certificates of course completion for those persons who have successfully completed courses under section 7A of article 6687b. The department may, by rule, set out the minimum course curriculum elements required for approval of a course of driver education to be taught by a parent or legal guardian under section 7A of article 6687b, V.T.C.S. A parent or legal guardian will not be authorized to

teach a driver education course to a child until the department's rules are in place and the department has approved the particular course to be given by the parent or guardian.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General